(84 South. 839)

**OAKLAND AUTOMOBILE v. STATE ex rel. TATE, Solicitor.**

Appeal of BELL.

(6 Div. 972.)

(Supreme Court of Alabama. Jan. 15, 1920.)

INTOXICATING LIQUORS ☞251—WIFE'S BUSINESS RELATIONS WITH HUSBAND AND NOTORIETY OF HIS OFFENSES AGAINST PROHIBITION LAWS RAISED PRESUMPTION SHE KNEW HIS USE OF HER AUTOMOBILE WAS ILLEGAL.

In proceeding to forfeit an automobile for its illegal use by claimant's husband for carrying contraband liquors, circumstances, including claimant's intimate social and business relations with her husband and the notoriety of his repeated offenses against the prohibition laws, *held* sufficient to generate a strong inference that she must have known or suspected that he was using her car in aid of his unlawful enterprises, thereby imposing upon her the duty of inquiry and prevention.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Proceeding by the State of Alabama, on the relation of Joseph R. Tate, Solicitor, to forfeit one Oakland automobile, in which Lola Bell appeared as claimant. From judgment for relator, claimant appeals. Affirmed.

J. B. Aird, of Birmingham, for appellant. J. Q. Smith, Atty. Gen., for appellee.

SOMERVILLE, J. If the testimony of the claimant were taken as true, it would show that she was the actual owner of the automobile in question at the time of its illegal use for the carriage of contraband liquors by her husband, and that she was free from the fault of participation therein or of negligence with respect to its prevention.

The circumstances, however, including her intimate social and business relations with her husband, and the notoriety of his repeated offenses against the prohibition laws, are sufficient to generate a strong inference that she must have known or suspected that he was using this car in aid of his unlawful enterprises, thereby imposing upon her the duty of inquiry and prevention.

The printed record of her testimony on cross-examination shows an evasiveness and want of candor which may well have justified the trial judge in refusing to give credit to her claims. It is evident that he did not believe her testimony, and as he heard her testify, and observed her demeanor and judged her sincerity, we cannot, upon the showings of the record, declare his conclusion erroneous.

Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.