·(85 South. 741)

### FLINT MOTOR CAR CO. v. STATE.
### (7 Div. 70.)

(Supreme Court of Alabama. June 30, 1920.)

1. **Intoxicating liquors ⬅⮞253—In condemnation case trial court's conclusion conclusive upon facts stated.**

The trial court's conclusion upon the facts, in a proceeding to condemn an automobile used in transporting liquor, is like unto the verdict of a jury, and will not be disturbed on appeal, unless under similar circumstances the verdict of the jury would be set aside, as upon a motion for new trial; that is, was plainly contrary to the evidence.

2. **Intoxicating liquors ⬅⮞251 — Burden of proof on claimant of forfeited automobile.**

As to automobile shown to have been used in illegal transportation of liquor, claimant under conditional sale contract has the burden of showing proper diligence on its part in ascertaining whether or not the car was to be so used at the time of purchase, or was thereafter being so used.

3. **Intoxicating liquors ⬅⮞251 — Conditional seller not insurer against illegal use of automobile.**

With respect to the use of an automobile for the illegal transportation of liquor, a conditional vendor or mortgagee of the car is not held to the responsibility of an insurer or guarantor of the conduct of the vendee or mortgagor, or of any one else who may use it without the knowledge or assent of the owner.

4. **Intoxicating liquors ⬅⮞251—Responsibility of conditional vendor or mortgagee for illegal use of automobile stated.**

If claimant, conditional vendor, or mortgagee of automobile, knows the character of his vendee or mortgagor, and does not know, or has not heard, of his violating the prohibition law, or if he does not know him, ordinary prudence should suggest inquiry; and, if he does not gain information that he has been considered a violator of the prohibition law, then he makes out a prima facie case of no negligence in the sale or disposition of the car, and would be entitled to a decree of nonforfeiture of his claim, unless the state rebuts this prima facie case by contradictory evidence or circumstances, or by showing the happening of subsequent events, which would arouse the suspicion of a reasonably prudent man, so as to cause action on his part to prevent the further use of the property for unlawful purposes, and which he failed to prevent, though he could not be adjudged responsible for failing to retake or seize the property, or, to prevent the further use of the same for unlawful purposes, if not entitled under the terms of his mortgage, conditional sale, or under the law to do so.

5. **Intoxicating liquors ⬅⮞251 — Conditional vendor or mortgagee acting in good faith not liable for subsequent illegal acts of vendee or mortgagor.**

If claimant mortgagee or conditional vendor of automobile acted in good faith in making the sale or taking the mortgage, and the mortgagor or vendee subsequently used the car for illegal purposes, this fact cannot be visited upon the vendor or mortgagee, unless he negligently suffered the act or failed to protect his claim or title promptly, after ascertaining that it was being used for unlawful purposes.

6. **Intoxicating liquors ⬅⮞251 — Claimant's prima facie case held not overcome.**

Where claimant of automobile illegally used, conditional seller thereof, showed that he made inquiry of a business neighbor of the vendee, and was informed that his character as to prohibition violation was good, and showed also an effort to locate the vendee and the car when the first two installment notes had matured, and a failure to do so before the seizure only about six weeks after the sale, this made out a prima facie case of prudence and diligence, which was not overcome by rebuttal testimony of a witness, who said the vendee had previously transported liquor on some of his trucks, but did not state that the vendee had ever been convicted, or that the witness had ever communicated the fact to the

---

⬅⮞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 405.    [2] 203 Ala. 506.

claimant or any one else, or that any one besides himself knew of such transportation.

Appeal from Circuit Court, Shelby County; E. J. Garrison, Judge.

Bill by the State of Alabama, on relation of its solicitor, to condemn one Ford Automobile because used in the illegal transportation of prohibited liquors. The Flint Motor Car Company filed claim to the seized car, and from a judgment condemning the car, the claimant appeals. Reversed and remanded.

One Haygood was in possession of the car when seized. The claimant propounded its claim under a conditional sales contract with Haygood, and showed that the purchase money had not been paid.

Luther L. Saxon, of Columbiana, for appellant.

The bone dry law does not contemplate the seizure and sale of property of those who do not assist or knowingly aid in the transportation of the prohibited beverages with vehicles belonging to them. 203 Ala. 90, 82 South. 104; Tony Gattina v. State, 203 Ala. 517, 84 South. 760.

J. Q. Smith, Atty. Gen., and W. W. Wallace, of Columbiana, for the State.
No brief came to the reporter.

ANDERSON, C. J. [1, 2] The trial court saw and heard the witnesses in this case, and its conclusion upon the facts is like unto the verdict of a jury, and will not be disturbed by this court unless under similar circumstances the verdict of the jury would be set aside as upon a motion for a new trial; that is, was plainly contrary to the great weight of evidence. There is little or no controversy over the fact that the automobile was being used for the illegal transportation of liquor by Haygood, the claimant's conditional vendee, and another, though the evidence fails to connect this claimant therewith, or to show actual knowledge of the facts; but it was incumbent upon said claimant, under the case of State v. Lexington Automobile, 84 South. 297,[1] reaffirmed in the case of State v. Crosswhite, 84 South. 813,[2] to show proper diligence on its part in ascertaining whether or not the car was to be used for the violation of the prohibition law at the time of the purchase, or was thereafter being used for such purpose.

[3-6] While the cases supra construed the statute as placing the burden of proof upon the claimant in the establishment of a superior title, that is, of showing that he did not aid or assist in the transportation of the liquor, had no knowledge that the car was being so used, and was not guilty of negligence in not ascertaining the fact, we did not mean to hold, and do not now hold, that the conditional vendor or mortgagee must be an insurer or guarantor of the conduct of the vendee or mortgagor in the use of the car, or any one else who may use the same, without the knowledge or assent of the owner. In other words, if the claimant knows the character of his vendee or mortgagor, and does not know or has not heard of his violating the prohibition law, or if he does not know him, ordinary prudence should suggest inquiry, and if he does not gain information that he has been considered a violator of the prohibition law, then he makes out a prima facie case of no negligence in the sale or disposition of the car, and would be entitled to a decree of nonforfeiture of his claim unless the state rebuts this prima facie case by contradictory evidence or circumstances, or by showing the happenings of subsequent events which would arouse the suspicion of a reasonably prudent man so as to cause action upon his part to prevent the further use of the property for unlawful purposes, and which he failed to prevent, though, of course, he could not be adjudged responsible for failing to retake or seize the property, or to prevent the further use of same for unlawful purposes, if not entitled under the terms of the mortgage, conditional sale, or under the law to do so. Jones on Chattel Mortgages (5th Ed.) § 451. If the mortgagee or vendor acted in good faith in making the sale or taking the mortgage, and the mortgagor or vendee subsequently used the car for illegal purposes, this fact cannot be visited upon the vendor or mortgagee, unless he negligently suffered the act or failed to protect his claim or title promptly after ascertaining that it was being used for unlawful purposes. Therefore, applying this rule to the case at bar, the claimant made inquiry of a business neighbor of Haygood, and was informed that his character as to the prohibition violation was good, and said proof was not disputed. It also showed an effort to locate Haygood and the car when the first two installment notes had matured, and a failure to do so before the seizure only about six weeks after the sale; and this made out a prima facie case of prudence and diligence, and which the state attempted to overcome by the rebuttal testimony of Jackson, who said Haygood had previously transported liquor upon some of his trucks, but he did not state that he had ever been convicted, or that he (the witness) had ever communicated the fact to this claimant or any one else, or that any one besides himself knew of said transportation; and we do not think that the claimant's prima facie case is overcome by said rebuttal testimony. We are, of course, aware of the fact that we are dealing with a most stringent statute, and which was intended as a safeguard against the evasion of a rigid enforcement of

[1] 203 Ala. 506.     [2] 203 Ala. 586.

the prohibition law, and are most reluctant to construe the same so as to present easy or unreasonable avenues of escape; but it could not have been the purpose of the Legislature, had it the constitutional right to do so, which we do not decide, to confiscate the property of innocent people, or to make vendors and mortgagees of vehicles or other property insurers or guarantors of the conduct of their mortgagors or vendees, notwithstanding they may have exercised ordinary diligence and prudence in making the sale or taking the mortgage, and which would be the result if they are required to keep up with them all the time. If this holding conflicts with anything said in the opinions in the Lexington and Crosswhite Cases, supra, said cases are expressly qualified to the extent of such conflict.

The trial court erred in not sustaining the appellant's claim, and the decree must be reversed; but, as this case was tried under the rule declared in the Lexington and Crosswhite Cases, supra, the cause is remanded, in order that it may be retried under the rule as now declared.

Reversed and remanded.

All the Justices concur.

---

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] 203 Ala. 93.