(85 South. 739)

## ONE BUICK AUTOMOBILE (OSBORNE, Claimant) v. STATE. (7 Div. 81.)

(Supreme Court of Alabama. June 30, 1920.)

1. **Intoxicating liquors** ☞251 — **Burden of proof on claimant of automobile unlawfully used in transporting liquor.**

The state having established a prima facie case for the condemnation of an automobile for unlawful transportation of liquor, the burden of proof rested on· claimant reasonably to satisfy the court that she was a bona fide mortgagee, innocent of, and without fault as to, the car's illegal use.

2. **Intoxicating liquors** ☞251—**Evidence held to sustain condemnation of automobile for unlawful transportation.**

In a proceeding to condemn an automobile for use in unlawfully transporting liquor, wherein ·claim was made by a mortgagee, the case being peculiarly one in which the demeanor of witnesses. was of advantage in ascertaining the truth, evidence *held.* such that the court's condemnation of the automobile should not be disturbed.

3. **Intoxicating liquors** ☞251—**Evidence held insufficient ·to show .claimant of automobile without knowledge of unlawful·use.**

In a proceeding to condemn an automobile for unlawful transportation, evidence *held* insufficient to show claimant mortgagee was without notice or knowledge of the automobile's unlawful use.

Appeal from Circuit Court, Shelby County; E. J. Garrison, Judge.

Bill by the State of Alabama for the condemnation of one Buick Automobile, because engaged in transporting prohibited liquors. Edna M. Osborne intervened, and claimed under a mortgage. From a decree condemning the car, the claimant appeals. Affirmed.

The automobile in controversy contained five gallons of whisky when it was seized by the sheriff of Shelby county on December 13, 1919, while being driven upon the public highway by Ernest Williams, the owner of the car, who operated the same as a public taxi in the city of Birmingham. The state filed ·condemnation proceedings, as prescribed by the statute. Edna M. Osborne interposed a ·claim to the car as a bona fide, innocent mortgagee.

Claimant's husband, W. H. Osborne, testified that he loaned the negro, Ernest Williams, $510 on this car, and took the mortgage which he offered in evidence, dated November 26, 1919; that he had been in the money-lending business for a number of years, but did not record all of his papers, and this paper was not recorded at the time of the seizure; that this particular money belonged to his wife, and he was merely acting as her agent; and, further, that in the body of the mortgage and in the note also the amount was first written "5.10," but he insists that was a clerical error, and after the car was seized he had Ernest Williams to agree to a correction, and, as corrected, had it recorded; that in the corner on the back of the mortgage the correct figures were written; and that he paid the revenue tax for the full amount. This witness further testified that he had known the negro for three years; that he was a good worker; and that since he bought this car he had been running a taxi in the city of Birmingham; that he (Osborne) has on numerous occasions warned him not to haul any whisky, either of his own or of passengers in the car.

Ernest Williams testified that he had not made any trips in Shelby county within the last few years, but the deputy sheriff for the state testified that this same negro in a Buick car had been seen down near Acton in Shelby county on numerous occasions within the last year.

The .young lady who·had worked for Mr. Osborne in the loan business for a period of nine years testified that $510 was the amount loaned to the negro; that the mortgage was signed in her presence, and the amount paid was $510, that she saw the money counted out "dollar for dollar," and remembered there was a. $100 bill.

The claimant herself did not testify. The testimony was taken orally before the court, and at its conclusion the court ordered the automobile sold, its appraised value being fixed at $550; and from this decree the claimant prosecutes this appeal.

Longshore, Koenig & Longshore, of Columbiana, for appellant.

The evidence fully discloses that claimant had no notice or knowledge of the use to which the car was put· and is protected by the statutes. Acts 1919, p. 13; 203 Ala. 90, 82 South. 104; 203 Ala. 153, 82 South. 183.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The court under the evidence properly condemned the car. 203 Ala. 506, 84 South. 297. The court heard the witnesses, and the court's judgment has the full force and effect of the· verdict of a jury.

GARDNER, J. [1] The state having established a prima facie case for the condemnation of the automobile in question, the burden of proof then rested upon the claimant to reasonably satisfy the court that she was a bona fide mortgagee, innocent of, and without fault, as to any illegal use of the· car.

[2] A brief outline of the tendencies of the evidence will be made to appear in the report of the case, and we will enter into no discussion of the same here. Suffice it to say that, under the facts and circumstances disclosed by this record, we think the case peculiarly one in· which the observance of the de-

meanor of the witnesses upon the stand was quite an advantage to the trial judge in the ascertainment of the truth upon these issues of fact, and, after a careful consideration of this testimony by the court in consultation, we are unwilling to disturb the judgment of the court below upon the conclusions reached.

[3] Moreover, it appears that the claimant did not testify, and there is no evidence in this record going to show that she was innocent of or without fault as to any illegal use of the property. True, the testimony of the husband, if believed, may suffice to establish such innocence on her part so far as any agency of his was concerned, yet this is not sufficient to disclose that she did not in some other manner have such notice or knowledge as would deprive her of protection in cases of this character. As the burden of proof was upon the claimant, it is therefore made to appear that she has failed in this respect.

We are of the opinion that the court below correctly ruled, and the decree will be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes