(89 South. 510)

## STATE ex rel. SEIBELS v. FARLEY.
### (3 Div. 510.)

(Supreme Court of Alabama.   June 9, 1921.)

1. **Appeal and error** ⚙══627(2)—Failure to file transcript within required time not ground for dismissal of appeal.

An appeal will not be dismissed for failure to file transcript by the first day of the first week of the term on which the case is subject to fall under Supreme Court rule No. 41 (175 Ala. xx, 56 So. vi) where it is filed on the following Thursday within the period given appellant to show good cause why it was not filed within the time allowed under such rule, on which day it was submitted on appellee's motion to dismiss appeal and the merits, the delays in filing a transcript causing no delay in its submission, and being of no benefit or injury to either party.

2. **Intoxicating liquors** ⚙══247 — Automobile used for illegal transportation of liquor subject to condemnation.

Automobile used in illegal transportation of prohibited liquor from one point in a city to another held subject to condemnation under Gen. Acts 1919, p. 13, § 13.

3. **Intoxicating liquors** ⚙══251—Rule as to burden of proof in proceedings to condemn automobile stated.

In proceedings by the state to condemn automobile for illegal transportation of prohibited liquor under Gen. Acts 1919, p. 13, § 13, opposed by mortgagee of automobile, proof that the automobile has been used or is being used for the illegal conveying of prohibited liquor from one point in a city to another establishes a prima facie case shifting the burden on the mortgagee to reasonably satisfy the court that she had no notice or knowledge of the unlawful use of the car at the time of the execution of the mortgage, and could not by the exercise of reasonable diligence have obtained such knowledge or notice thereof afterwards in time to have prevented such illegal use.

---

⚙══For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Appeal and error ⬤⟹837(11)—Testimony as to mortgage not objected to considered on appeal though mortgage itself is not introduced in evidence.**

Testimony as to the execution, recordation, contents of mortgage, amount of debt secured thereby, and date of maturity, will be considered by the Supreme Court on appeal in the absence of objection to such testimony, and motion to exclude it, though mortgage was not introduced in evidence and is not contained in the transcript.

**5. Intoxicating liquors ⬤⟹253—Court's finding in proceedings to condemn automobile not disturbed unless plainly wrong.**

The trial court's findings of fact in proceedings by the state to condemn an automobile for illegal transportation of prohibited liquor under Gen. Acts 1919, p. 13, § 13, has the effect of jury's verdict, and will not be disturbed on appeal unless plainly wrong.

**6. Intoxicating liquors ⬤⟹255—Purchaser of automobile condemned for use in transportation of liquor required to pay debt of innocent mortgagee.**

In proceedings by the state to condemn, for illegal transportation of liquor, an automobile claimed by an innocent mortgagee, the owner's equity of redemption merely will be sold, and the purchaser at such sale will be required to pay the mortgage debt.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Proceeding by the State, on the relation of W. T. Seibels, as Solicitor, to condemn one Ford sedan, because used by Pete Flynn in transporting prohibited liquor, with claim by Mrs. Ethel B. Farley, as mortgagee. From a decree for claimant, complainant appeals. Reversed and remanded.

Harwell G. Davis, Atty. Gen., and Robert G. Arrington, of Montgomery, for appellant.

Under the evidence, the automobile should have been condemned and sold.

Ludlow Elmore, of Montgomery, for appellee.

The transcript was not filed in time, and the case should be dismissed. 205 Ala. 112, 87 South. 363. The court rendered the proper decision. 203 Ala. 145, 82 South. 182; 87 South. 842; 205 Ala. 286, 87 South. 856; 203 Ala. 90, 82 South. 104; 203 Ala. 586, 84 South. 813; 204 Ala. 84, 85 South. 266; 204 Ala. 44, 85 South. 276.

MILLER, J. [1] The appellee moves to dismiss the appeal because the transcript was not filed in this court within the time required by law. The appeal was taken on March 5, 1921. This was in term time. Under rule 41 (175 Ala. xx, 56 South. vi), the transcript should be filed in this court not later than the first day of the first week of the term during which the case is subject to call in this court. That day was Monday, May 9, 1921. This motion was filed between that date and May 12, 1921. The appellant had under the rule until Thursday, May 13, 1921, to show cause why the transcript was not filed within the time required. The transcript was filed May 12, 1921, and on that day it was submitted on the motion and merits. The transcript was on file Thursday, May 12, 1921, the day it was to be submitted. This delay of three days in filing the transcript caused no delay in its submission, and was of no benefit or injury to either party; therefore the motion to dismiss the appeal is refused. Rule 41, 175 Ala. xx, 56 South. vi; Nat. Union v. Sherry, 180 Ala. 627, 61 South. 944.

[2] This 1920 model Ford sedan car was running on the streets of Montgomery. It stopped. A gallon of corn whisky was taken out of it. The owner of the car, Fred Norred, also called Fred Cannon, knew it was illegally carrying prohibited liquor from one point in the city of Montgomery to another. This made the car subject to condemnation. It was seized by a deputy sheriff. The solicitor files this bill to have it condemned and sold. Gen. Acts 1919, p. 6, § 13.

Ethel B. Farley claims superior right to the automobile under a mortgage conveying it to her by Fred Norred. The automobile, when seized, was in possession of Pete Flynn. He claims no interest in the car. It was purchased by Fred Norred. He executed to Ethel B. Farley a mortgage on it to secure $900 borrowed money to pay part of the purchase price. The mortgage was duly recorded before the car was seized.

[3] When the state proves the car had been used or is used for the illegal conveying of prohibited liquor or beverages from one point in the state to another point within the state, then this makes out a prima facie case for condemnation of the automobile. The burden of proof then shifts onto the claimant to reasonably satisfy the court by a preponderance of the evidence of her superior title to the car, and that she had no knowledge or notice of the unlawful use of said car at the time of the execution of the mortgage, and could not by the exercise of reasonable diligence have obtained such knowledge or notice thereof afterwards in time to have prevented that illegal use. State v. Crosswhite, 203 Ala. 586, 84 South. 813; State v. Lexington Automobile, 203 Ala. 506, 84 South. 297, and as explained and qualified in Flint Motor Car Co. v. State, 204 Ala. 437, 85 South. 741.

[4] The mortgage on the car was introduced in evidence. It is not in the transcript. It is not mentioned in the note of testimony. The testimony of witnesses without objection shows its execution, recorda-

---

⬤⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

tion, contents, amount of debt secured thereby, and when payable. This testimony being in evidence without objection and no motion to exclude it, will be considered by the court. Thomas Bros. v. Williams, 170 Ala. 522, 54 South. 494.

[5] The evidence was given by the witnesses orally in open court. The court saw them, heard them testify, and observed their demeanor. It holds that claimant has a bona fide mortgage on the car, that she had no notice of the unlawful use of the property, and could not by the exercise of reasonable diligence have obtained such knowledge or notice thereof and prevented it; and that the amount due on the mortgage is $900 with interest. We have read all of the testimony, and from the evidence we cannot declare the court in error in reaching this conclusion. His finding of facts has the effect of a jury's verdict in this case. It will not be disturbed unless plainly wrong. Ray v. Watkins, 203 Ala. 683, 85 South. 25; Fitzpatrick v. Stringer, 200 Ala. 574, 76 South. 932.

The court held that the value of the car was less than the mortgage debt, and therefore to prevent expense and unnecessary costs decreed that it be delivered to claimant, and not sold.

[6] Under the evidence Fred Norred was the offending party, owning an interest in the automobile. He is mortgagor. His right is but an equity of redemption in it. This was subject under the evidence to be condemned and sold, and the proceeds of sale applied to the payment of the costs and expenses of this cause, and the balance divided as the law directs. The court erred in not so decreeing. The innocent mortgagee's superior rights in the automobile in this way will be protected and the purchaser at the sale of the offending mortgagor's rights can then pay the mortgage debt and take possession of the automobile. Wise v. State, 204 Ala. 85, 85 South. 266; State v. Crosswhite, 203 Ala. 586, 84 South. 813; Bowling v. State, 204 Ala. 405, 85 South. 500.

This decree will be reversed, and such proceedings had and decree rendered as the evidence will warrant under the law as indicated in this opinion.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.