**CHERRY–ELLINGTON AUTO CO. v. STATE ex rel. SORRELL, Pros. Atty.**
(5 Div. 859.)

(Supreme Court of Alabama. Dec. 20, 1923.)

**1. Intoxicating liquors ⚖⟞250—Evidence held to make prima facie case for condemnation of automobile.**

Evidence that the sheriff seized an automobile while being driven through his county and found a keg containing 10 gallons of whisky therein, the owner having been identified, made a prima facie case for condemnation and sale of automobile under Gen. Acts 1919, p. 13, § 13.

**2. Intoxicating liquors ⚖⟞250—Conditional vendor's burden of proof after state makes prima facie case for condemnation of car, stated.**

In a proceeding to sell an automobile under Gen. Acts 1919, p. 13, § 13, making automobiles used for transporting liquor contraband when the state showed seizure of an automobile containing whisky, one claiming title as conditional vendor was required to prove superior right and negative knowledge, on their part, of any design of vendee to use the car for unlawful purposes or of facts reasonably calculated to put them on notice.

**3. Intoxicating liquors ⚖⟞250—Evidence held to justify court's finding that conditional vendors knew vendee would use contraband car illegally.**

In a proceeding to sell an automobile under Gen. Acts 1919, p. 13, § 13, making automobiles used in transporting liquor contraband, evidence *held* to justify court's finding that conditional vendors knew, or ought to have known, that vendee intended to use the car for wrongfully transporting liquor.

**4. Appeal and eror ⚖⟞1008(1)—Findings of fact in court case not disturbed unless clearly wrong.**

The appellate court should not disturb findings of fact based on oral testimony in a trial before the court without jury unless clearly wrong.

Appeal from Circuit Court, Tallapoosa County; S. L. Brewer, Judge.

Petition by the State of Alabama, on the relation of G. J. Sorrell, Prosecuting Attorney for Tallapoosa County, to condemn one five-passenger Dodge automobile; the Cherry-Ellington Auto Company intervening as claimant. From a decree for petitioner, claimant appeals. Affirmed.

Barnes & Walker, of Opelika, for appellant.

A conditional vendor or mortgagee is not an insurer or guarantor of the conduct of the vendee or mortgagor in the use of the automobile, or of any one else that may use the same, and such conditional vendor's or mortgagee's interest in the automobile cannot be comdemned, where he shows that he did not aid or assist in the transportation of liquor, had no knowledge that the car was being so used, and that he was not guilty of negligence in not ascertaining the fact of illegal user. Acts 1919, p. 13; Flint Motor Car Co. v. State, 204 Ala. 437, 85 South. 741; In re Gattina, 203 Ala. 517, 84 South. 760; One Liberty Roadster v. State, 206 Ala. 110, 89 South. 273.

Harwell G. Davis, Atty. Gen., for appellee.

No brief reached the Reporter.

MILLER, J. This is a proceeding in equity by petition filed by the state, through

its solicitor, to have forfeited and sold a five-passenger Dodge automobile on the ground it was being used to transport liquor illegally. Cherry-Ellington Auto Company, a partnership composed of J. E. Ellington and V. P. Cherry, filed petition of intervention claiming title to the automobile by retention of title sale contract for the balance of the purchase price, given by W. P. Jerrell, the owner, to them. The court denied claimants' petition of intervention, granted the petition of the state, and ordered the automobile sold as contraband; and this appeal is prosecuted by the claimants from that decree.

That part of section 13, on page 13, of the General Acts of 1919, applicable, reads:

"That all conveyances and vehicles of transportation of any kind, * * * on land * * * which have been or are used for the illegal conveying of any prohibited liquors or beverages, into this state, or from one point in the state to another point within the state, * * * shall be contraband and be forfeited to the state of Alabama."

[1] The evidence without dispute disclosed that one Will Hughley was operating this automobile through Tallapoosa county, Ala., traveling the public road towards Montgomery. The deputy sheriff of Tallapoosa county on February 24, 1923, as it was being driven through that county, seized the car and found it contained one keg with ten gallons of whisky. There was evidence tending to show that the automobile and the whisky belonged to W. P. Jerrell. This evidence rendered the car subject to seizure by the sheriff or his deputy, and made it liable to be condemned and sold as contraband. This made a prima facie case for condemnation of the automobile. Carey v. State, 206 Ala. 351, 89 South. 609; Flint Motor Car Co. v. State, 204 Ala. 437, 85 South. 741.

[2] The burden of proof then shifted to the claimants to assert and prove their superior right to the car as vendors in a conditional sale of the car, and to establish by their evidence that they did not at the time of the execution of the conditional sale contract have any knowledge of any design of the vendee to use the car for such unlawful purposes, or of any facts that were reasonably calculated to put them on notice of that intended use of the car. Flint Motor Car Co. v. State, 204 Ala. 437, 85 South. 741.

[3] The claimants sold this car to W. P. Jerrell on January 9, 1923. They knew he was a farmer, lived on his farm, and owned at the time two Dodge cars which he had purchased from them. The conditional sale contract between them was executed on that date, and it was filed and duly recorded on January 30, 1923, and it was seized by the deputy sheriff, with the ten gallons of whisky in it, on February 24, 1923. The balance of the purchase price due on it was $631.32. One of the claimants testified he was informed that Jerrell was illegally transporting in cars liquor before they sold him this car; so before he would sell it to him, he asked him if he was in that illegal business now, and the purpose for which he was buying the car. Jerrell informed him that he had quit that business and wished the car to send his children to school. The claimants knew at that time that Jerrell owned two Dodge cars, and this made his third car. The claimants had sold him all three of the cars, and they were all owned by him. The claimants saw this car in their shop for repairs several times after this sale, and before the seizure; it was much worn, and was a new car when purchased. The general character or reputation of Jerrell for peddling whisky in cars for two or three years was bad.

[4] This case was tried by the court without a jury. The evidence of the witnesses was given orally before the court. The trial judge had superior facilities for estimating the credibility of the evidence, and his finding of facts should not be disturbed by us unless plainly wrong. State v. Farley, 206 Ala. 172, headnote 5, 89 South. 510. There is evidence or reasonable inferences to be drawn from facts proved that would justify the court in finding that the claimants knew or by the exercise of reasonable diligence could have known before they sold the car to Jerrell that he intended to use it to wrongfully transport whisky. The court in rendering this decree was not wrong; but it appears to us to be right and is supported by the legal evidence and the reasonable inferences that could be drawn from facts in evidence. It is not necessary, and the statute does not require us, to state in the opinion all the testimony and circumstances from which this conclusion is reached. The claimants did not by their evidence meet and overcome the burden of proof placed on them. Flint Motor Car Co. v. State, 204 Ala. 437, 85 South. 741.

The decree is free from error and is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.