(100 South. 93)
**BEARDEN v. STATE ex rel. PERRY.**
(6 Div. 11.)

(Supreme Court of Alabama. April 17, 1924. Rehearing Denied May 15, 1924.)

1. **Intoxicating liquors ⊂⇒251—Burden of proving bona fide purchase of condemned automobile and want of notice of probable unlawful use by bailees is on claimant.**

Burden of proving that alleged purchase of automobile, seized while being used in illegal transportation of prohibited liquors by alleged sellers, was not merely simulated or afterwards concocted, and that claimant was not chargeable with notice of probable unlawful use by seller and another as bailees, was on claimant.

2. **Intoxicating liquors ⊂⇒251—Proof of claimant's residence in county during month in which automobile was seized held admissible.**

In proceedings to condemn automobile used in transporting prohibited liquors, it was competent for state to show that claimant was living in county wherein car was seized during month in which it was seized.

3. **Intoxicating liquors ⊂⇒251 — Proof that claimant's relatives in possession of condemned automobile had bad reputation held competent.**

In proceedings to condemn automobile used in transporting prohibited liquors, it was competent for state to show that claimant's broth-

ers, who had custody and possession of car, had general reputation of being violators of prohibition laws.

4. **Appeal and error ⊂⇒1050(1)—Claimant of condemned automobile held not prejudiced by answer to question as to whether he objected to unlawful use of car.**

Claimant of automobile, seized while being used by his brothers for transporting prohibited liquors, held not prejudiced by testimony, in answer to state's question as to whether he objected to brothers' use of car, that he had not done so because matter had never been brought up between them.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Bill in equity by the State of Alabama, on the relation of Ben G. Perry, Deputy Solicitor of Jefferson Circuit Court, to condemn as contraband and have forfeited a five-passenger Ford automobile, seized while being used in the illegal transportation of prohibited liquors. From a decree of condemnation, R. L. Bearden, as claimant of the car, appeals. Affirmed.

Pinkney Scott, of Bessemer, for appellant.

Counsel argue for error in the decree, but without citation of authorities.

Harwell G. Davis, Atty. Gen., O. B. Cornelius, Asst. Atty. Gen., and Ben G. Perry, Deputy Sol., of Bessemer, for appellee.

Where the evidence was heard by the trial court ore tenus, its finding on the facts must be given the effect of a jury verdict. Standard Oil Co. v. State, 207 Ala. 303, 92 South. 894; State v. Merrill, 203 Ala. 686, 85 South. 28; One Ford Automobile v. State, 203 Ala. 514, 84 South. 750. The burden of proof is upon the claimant or owner to show that he had no knowledge of the illegal use of the automobile, nor could he have ascertained by the use of reasonable diligence that said automobile would be used for the illegal conveyance and transportation of prohibited liquors or beverages. Acts 1919, p. 6, § 13; One Buick Automobile (Osborne, Claimant) v. State, 204 Ala. 428, 85 South. 739; Standard Oil Co. v. State, supra; Davenport v. State, 205 Ala. 429, 88 South. 557.

SOMERVILLE, J. [1] On the evidence adduced, the trial court found that the claimant, R. L. Bearden, was not the owner of the condemned automobile—his alleged purchase of it from his brother being simulated merely, or afterwards concocted; and that, in any case, the claimant was chargeable with notice of the unlawful use which would probably be made of the car by his brothers, its bailees. On these issues the burden of proof was on the claimant. State v. One Lexington Automobile, 203 Ala. 506, 84 South. 297; State v. Crosswhite, 203 Ala. 586, 84

South. 813; One Buick Automobile v. State, 204 Ala. 428, 85 South. 739.

We have examined the testimony, which was heard orally before the trial court, and think it was sufficient to support the conclusion of the court on the facts. Certainly it fails to show any diligence whatever on the claimant's part to prevent the unlawful use of the car. State v. Crosswhite, 203 Ala. 586, 84 South. 813.

[2] It was competent for the state to show that the claimant was living in Jefferson county, Ala., during the month of April, 1923; the car having been seized in the act of transporting liquor in that month.

[3] It was competent for the state to show, also, that the claimant's two brothers, Roland and Rube, who had the custody and possession of the car, had the general reputation of being violators of the prohibition laws. State v. Crosswhite, supra; Oakland Automobile Co. v. State, 203 Ala. 600, 84 South. 839; State v. Leveson, 207 Ala. 638, 93 South. 608.

[4] The claimant was not prejudiced by his answer to the state's question whether he objected to his brothers' use of the car; his answer being that he had not objected because the matter had never been brought up between them.

We find no error for reversal of the decree of condemnation, and it will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.