## D. & S. MOTOR CO. v. STATE ex rel. PERRY. (6 Div. 299.)

(Supreme Court of Alabama. Jan. 15, 1925.)

**1. Equity ⬄420—Allegations of bill regarded as admitted, where decree pro confesso is lawfully taken.**

Where decree pro confesso is lawfully taken on personal service of notice of filing of petition, allegations of bill are regarded as admitted, except in case of infant defendants, persons of unsound mind, executors, and bills of divorce, under Code 1907, § 3163.

**2. Intoxicating liquors ⬄250—Prima facie case for forfeiture of automobile held established.**

Evidence of use of automobile to convey prohibited liquors when seized by deputy sheriff *held* to make out prima facie case for condemnation and forfeiture under Gen. Acts 1919, p. 13, § 13, thus shifting burden of proof to claimant.

**3. Intoxicating liquors ⬄250—Vendee's reputation in his community at time of conditional sale of automobile by claimant admissible in condemnation proceedings.**

In proceeding to condemn automobile used to convey prohibited liquors, state could show, as against intervening claimant, general character and reputation of purchaser of car as violator of prohibition law in community where he lived, at time claimant sold car to him under conditional sales contract.

**4. Appeal and error ⬄837(11)—Trial ⬄105(1) — Neither trial nor Supreme Court need indicate what testimony should be excluded or not considered.**

It is duty of both circuit and Supreme Court, in trial of equity case, to consider only

relevant, material, and competent testimony, and exclude all other evidence, whether objected to or not, and neither need point out or indicate what testimony should be excluded or not considered, in view of Gen. Acts 1923, p. 631, § 1.

**5. Appeal and error ⊙⇒1009(4)—Conclusions of trial court in equity not disturbed unless plainly contrary to great weight of evidence.**

Conclusions of trial court, orally examining witnesses in equity case, will not be disturbed by Supreme Court, unless plainly contrary to great weight of evidence.

**6. Intoxicating liquors ⊙⇒250—Finding that claimant knew or should have known that purchaser intended to use automobile to convey prohibited liquors sustained by evidence.**

Evidence *held* to sustain trial court's finding that claimant of automobile sought to be condemned knew, or by exercising reasonable diligence could have known, that one to whom he sold it under conditional contract intended to use it in unlawfully conveying prohibited liquors in county of sale, contrary to Gen. Acts 1919, p. 13, § 13.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Bill in equity by the State of Alabama, on the relation of Ben G. Perry, Deputy Solicitor of the Bessemer Division of the Circuit Court of Jefferson County, to condemn a Star automobile used for the transportation of prohibited liquors, and interposition of claim by the D. & S. Motor Company. Decree of condemnation, and claimant appeals. Affirmed.

Goodwyn & Ross, of Bessemer, for appellant.

The owner neither authorized, consented to, nor participated in the unlawful act of the driver of the car, and the decree of condemnation cannot be sustained. Puckett v. State, 204 Ala. 238, 85 So. 452. The state failed to meet the burden of identifying the driver of the car with the owner. Cherry-Ellington Auto Co. v. State, 210 Ala. 469, 98 So. 389. If the car was not moving when seized, it could not be condemned for transporting liquors. Carey v. State, 206 Ala. 351, 89 So. 609. Decree should have been in favor of the claimant. Acts 1919, p. 13; State v. Hughes, 203 Ala. 90, 82 So. 104; Frazier v. State, 203 Ala. 276, 82 So. 526; State v. Paige Automobile, 204 Ala. 44, 85 So. 276; In re' One Chevrolet Automobile, 205 Ala. 337, 87 So. 592; Byles v.' State, 205 Ala. 286, 87 So. 856; Flint Motor Car Co. v. State, 204 Ala. 437, 85 So. 741; State v. Farley, 206 Ala. 172, 89 So. 510; State v. Leveson, 207 Ala. 638, 93 So. 608.

Harwell G. Davis, Atty. Gen., for appellee.

Brief of counsel did not reach the Reporter.

MILLER, J. This is a proceeding in equity by petition of the state by its solicitor for the condemnation and sale of one Star automobile, on the ground it was used in unlawfully transporting prohibited liquors. Leon Hancock, the owner, was a party defendant. He made no defense by answer. A decree pro confesso on personal service was rendered against him by the court. He purchased the automobile from the D. & S. Motor Company, a corporation, by written lease sale contract, dated June 19, 1924, reserving legal title until the balance of the purchase price was paid. The D. & S. Motor Company filed claim to the car, setting up its contract of sale, that the balance of the purchase price was still unpaid. to the amount of $582.08, with interest, and the claimant also 'alleges:

"That at the time of the alleged unlawful use of the said automobile at or prior to the time of the seizure thereof your petitioner or claimant had not authorized, permitted, aided, or assisted in such use of said automobile by said respondent or any other person; and that your petitioner at no time had any knowledge whatever that the said automobile was being used for the transportation of prohibited liquors or any other unlawful purpose, nor had your petitioner consented to such unlawful use or had any knowledge thereof, and petitioner avers that it could not have ascertained by the exercise of reasonable diligence that said car was being used, or would likely or probably be used, for such unlawful purpose."

The cause was tried by the court on pleading and proof. The witnesses were examined orally in the presence of the court by the parties or their attorneys. The court by decree held the state was entitled to the relief it seeks, denied and disallowed. the claim of claimant, and ordered that the automobile be condemned and sold, and the proceeds divided as provided by the statute. The claimant appeals from this decree, and it is assigned as error.

[1] The claimant contends the court erred in this decree because there is not sufficient proof to show the car had been or was used for illegally · conveying prohibited liquors from one point in the state to another point within the state. The petition of the state avers it was so used. The claimant in his intervention claim for the car does not deny it. The defendant, and owner, does not file an answer denying it, but suffers a decree pro confesso to be legally rendered against him on personal service of notice of the filing of the petition. That question is not placed in issue by the pleading. In all cases in which decrees pro confesso are lawfully taken, the allegations of the bill are to be regarded as admitted except in case of infant defendants, persons of unsound mind, executors, and bills of divorce. This defendant, Leon Hancock, does not come within any

of the exceptions to the statute. Section 3163, Code 1907; Sexton v. Harper, 210 Ala. 691, 99 So. 89, headnote 2.

[2] The testimony of the state showed that a deputy sheriff, working from the Bessemer office, with an assistant, on the night of July 2, 1924, stopped a car running on the public road of Jefferson county. In it was a Mr. Kent, brother-in-law of Leon Hancock. This car contained no whisky. They then stopped a second car, traveling in the rear of the above-mentioned car. A Mr. Lemley was in it, and it contained no liquor. The officer testified also that they had "two cars down in the flat, and the third car, the whisky car, stopped just around the bend up on the hill, before it hit the hollow; when we got around there he jumped out and left the car, didn't even have time to shut it down." There were 35 gallons of whisky in this third car, and it is the car involved in this cause.

The evidence tended to show the person driving this third car with the whisky was Leon Hancock. The three cars were all in the road together, not over 50 or 75 yards apart. The official "saw the light of this car" with the whisky in it "move when it came up." He said, "I could tell from the lights that the car was moving. * * * The best I could say the car was moving, from the way the lights were glittering, but that is just my judgment that it was moving from the lights." When the officer reached this car with the liquor in it, it was stopped, but the motor was still running, with no one in the car. The driver had gotten out and was running off. The evidence of the state tended to show the driver of the car was Leon Hancock, the defendant. This, and other evidence not necessary to be mentioned, convinces us that the court did not err in its decree in holding this Star automobile, with the 35 gallons of whisky in it, was being used to illegally convey prohibited liquors by the defendant Leon Hancock from one point in this state to another point within this state, at the time it was seized by the official. This pleading and proof made out a clear prima facie case for condemnation and forfeiture of this automobile. Flint Motor Car Co. v. State, 204 Ala. 437, 85 So. 741; Carey v. State, 206 Ala. 351, 89 So. 609; Cherry-Ellington Auto Co. v. State, 210 Ala. 469, 98 So. 389; section 13, p. 13, Gen. Acts 1919.

This evidence, making a prima facie case for condemnation, shifted the burden of proof to the claimant. See Flint Motor Car Co. v. State, 204 Ala. 437, 85 So. 741, and Cherry Ellington Auto Co. v. State, 210 Ala. 469, 98 So. 389.

[3] The evidence for the state tended to show, and there was practically no testimony to the contrary, that the general character and reputation of the defendant, the vendee in this conditional contract of sale of the automobile, was bad for violating the prohibition law in the community where he lived on, and prior to the day on which this contract of sale was executed. He lived in Bessemer, in Jefferson county, at that time, and the claimant conducted its business and made this sale to him in Birmingham, in the same county. It was competent for the state to show the vendee's general character or reputation as a violator of the prohibition law at the time of and prior to the conditional sale of the automobile to him by the claimant. This contract of sale showed where the vendee was then residing. Bearden v. State, 211 Ala. 241, 100 So. 93.; Flint Motor Car Co. v. State, 204 Ala. 437, headnote 4, 85 So. 741.

[4] There are many assignments of error based on the rulings of the court as to the introduction and exclusion of testimony. It is not necessary for us to review, discuss, and decide these questions. It is the duty of the court in the trial of a case in equity in the circuit court and in this court to consider only such testimony as is relevant, material, and competent, and to exclude, and not consider irrelevant, immaterial, and incompetent evidence, whether objection shall have been made thereto or not, and "it shall not be required or necessary for either the trial court or the Supreme Court to point out or indicate what testimony, if any, should be excluded or not considered." See statute on this subject approved September 28, 1923, Gen. Acts 1923, p. 631.

[5] When the witnesses are examined orally before the trial court in equity, its conclusions upon the facts will not be disturbed by this court, unless plainly contrary to the great weight of the evidence. Bell v. Blackshear, 206 Ala. 673, headnote 3, 91 So. 576; State v. Farley, 206 Ala. 172, headnote 5, 89 So. 510.

[6] The defendant purchased by conditional sale contract this car from the claimant on June 19, 1924; the defendant's general reputation then and prior thereto, as a prohibition violator, was bad where he lived, and claimant knew where he resided, and on July 2, 1924, the car was seized, with 35 gallons of liquor in it, under circumstances hereinbefore mentioned.

A recital and discussion of all the legal evidence in this cause is unnecessary, and not required. It is sufficient to state there is evidence or reasonable inferences to be drawn from the evidence which sustains and supports the trial court in finding and holding that claimant knew, or by the exercise of reasonable diligence could, have known, that its vendee in the contract of sale of this car, Leon Hancock, intended, before and when he purchased this car from the claimant, to use it in unlawfully conveying prohibited liquors in Jefferson county, Ala., contrary to the statute. The weight of the tes-

timony sustains the findings and the decree of the trial court, and it will not be disturbed by this court.

The decree is free from error, and is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.