(105 So. 589)

**THROWER v. STATE ex rel. BRICKELL.**
(8 Div. 730.)

(Supreme Court of Alabama. June 11, 1925. Rehearing Denied Oct. 22, 1925.)

1. **Intoxicating liquors** ☜250—**Evidence held to sustain finding that automobile was illegally conveying prohibited liquors when it was seized, and hence it was subject to seizure and condemnation as contraband.**

In proceeding instituted by solicitor under Code 1923, § 4779, to condemn as contraband an automobile under section 4778, evidence *held* to sustain finding that automobile was being used on night it was seized in illegally conveying prohibited liquors by its owner, and hence was subject to seizure and condemnation.

2. **Intoxicating liquors** ☜246—**That owner of car, sought to be condemned as contraband for carrying liquor, was not interested in liquor as owner, held immaterial.**

That person claiming automobile, condemned as contraband under Code 1923, § 4778, as being used in transportation of intoxicating liquors, was not interested in such liquor as owner *held* immaterial, where he was aiding and assisting the owners of the liquor in knowingly and unlawfully transporting it for them in his car for unlawful purposes.

Appeal from Circuit Court, Madison County; O. Kyle, Judge.

Application by the State, on the relation of R. C. Brickell, as Deputy Solicitor for Madison County, to condemn a Ford touring automobile used in the illegal transportation of prohibited liquors, with intervention of claim by P. E. Thrower. From a decree for complainant, claimant appeals. Affirmed.

Rayburn, Wright & Rayburn, of Guntersville, for appellant.

Venue must be laid in the county where the offense was committed, and must be proved as laid. Patterson v. State, 156 Ala. 62, 47 So. 52. The burden is on the state to establish every essential element of the offense charged. Wharton v. State, 73 Ala. 366; Ogletree v. State, 28 Ala. 693.

Harwell G. Davis, Atty. Gen., for appellee.

Brief of counsel did not reach the Reporter.

MILLER, J. This is an application in the circuit court in equity to condemn as contraband a Ford automobile under the statute (section 4778, Code 1923), instituted by the solicitor, as is permitted by section 4779 of the Code of 1923. The owner (P. E. Thrower) of the car intervenes by petition, and claims the car. The court by decree denied the claim of the owner; held the state entitled to the relief prayed for in its petition; and ordered the car condemned and sold as contraband. This appeal is prosecuted by the owner and claimant, P. E. Thrower, from that decree.

The petition of the state avers, under oath of the deputy solicitor, that this car "has been recently used in illegal and unlawful conveying of prohibited liquors or beverages in Madison county from one point in the state of Alabama to another point in this state." This petition was filed October 7, 1924. The claim filed by the owner, P. E. Thrower, states this car was seized on October 5, 1924, and does not deny that it contained prohibited liquor when seized, and does not deny that it had been and was being used in "illegal conveying prohibited liquors from one point to another point in Madison county, Ala.," as charged in the petition. He avers that he did not know prohibited liquors were in the car.

The proof without conflict shows this car passed through New Hope in Madison county, Ala., driven by the claimant, P. E. Thrower, with three or four persons in it. Their be-

☜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

havior and the noise made attracted the attention of the deputy sheriff. He followed them in his car as they traveled on the public highway from New Hope towards Huntsville for three and a half miles; then the car stopped and the deputy seized it. He found therein a Coca Cola case and bottles and a half gallon jar about half full of whisky, surrounded by a number of Coca Cola bottles, between the front and back seats. When the car stopped, and the deputy sheriff told the parties he would have to seize it, "P. E. Thrower got out of the car, and took something from the front seat, and ran around the car and threw it to one side." The deputy took the parties and the car to Huntsville, and three hours later returned to this place, where he seized the car, and found a half gallon jar full of corn whisky in a ditch about eight feet from where the car stopped. All the persons in the car were drinking, except the owner and claimant. The evidence of the claimant and others tended to show he did not know the whisky was in the car, and he did not throw the half gallon jar of whisky from the car into the ditch. There was evidence that his general reputation for being engaged in illegal traffic and transportation of prohibited liquors was bad in the community where he lived; and there was much evidence to the contrary; that he ran a taxi business, and had never engaged in selling or transporting or conveying prohibited liquors; that this liquor did not belong to him, and he did not know it was in his car.

[1, 2] From this pleading and proof the court could, and did, properly find that this car had been and was used on the night it was seized in illegally conveying prohibited liquors from one point to another in Madison county, Ala., by its owner, P. E. Thrower, the claimant. The court did not err in holding the car was subject to seizure and condemnation as contraband under the statute and the evidence. True, there is much testimony that P. E. Thrower did not own this liquor, but it is clear and evident from the evidence, if he was not interested in it as owner, still he was aiding and assisting the owners of it in knowingly and unlawfully transporting it from one point to another point in Madison county, Ala., for them in his car for unlawful purposes, which would render his car subject to seizure and condemnation. State v. Hughes, 203 Ala. 90, 82 So. 104; Maples v. State, 203 Ala. 153, 82 So. 183; Cherry-Ellington Auto Co. v. State, 210 Ala. 469, 98 So. 389; A. S. Edwards v. State, ante, p. 122, 104 So. 255.

The decree is free from error, and it is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.