(93 South. 608)

**STATE ex rel. ELMORE v. LEVESON et al.**
**(3 Div. 563.)**

(Supreme Court of Alabama. June 8, 1922.)

**1. Appeal and error ⟨⟩204(3)—Admissibility of evidence unobjected to at trial not considered on appeal.**

Where no objection to the admission of parol evidence to vary a contract was taken at trial, the question is not presented on appeal.

**2. Intoxicating liquors ⟨⟩251—Evidence held to show assignment of retention of title contract by conditional vendor of automobile not so consummated as to divest title.**

In a proceeding to condemn an automobile seized while transporting forbidden liquors, where the automobile was sold on Saturday afternoon, the car seized on Sunday, and a retention of title contract was filed for record Monday, notwithstanding that the contract was indorsed without recourse by the conditional vendor to a credit association, held, that evidence showed assignment not so consummated as to divest title.

**3. Intoxicating liquors ⟨⟩251—Negligence imputed to conditional vendor of automobile in not inquiring as to vendees' reputation as bootleggers.**

Where conditional vendor of an automobile made no inquiry as to the character, habits, etc., of the purchasers of a car with respect to the purchasers' participation in illegal traffic of liquors, and the places of business of the vendor and the purchasers were less than a city block apart, and a moderate degree of diligence and inquiry would have discovered facts and circumstances, including the reputation of the purchasers as bootleggers, negligence will be imputed to vendor. Gen. Acts 1919, pp. 13, 14, § 13.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Bill by the State, upon the relation of Ludlow Elmore, against Harris Leveson, Milton Leveson, and the Stallworth Motor Car Company, to condemn an automobile used for the illegal transportation of prohibited liquors. From a decree condemning the interest of Harris Leveson and Milton Leveson in said car, and allowing the claim of the Stallworth Motor Car Company thereto, the State appeals. Affirmed in part, in part reversed, and remanded with directions.

Harwell G. Davis, Atty. Gen., and Marion Rushton, Asst. Atty. Gen., for the State.

The terms of a written transfer cannot be denied by parol evidence. 151 N. C. 144, 65 S. E. 751, 31 L. R. A. (N. S.) 236; 74 Ala. 108; 153 Ala. 558, 45 South. 70. In a condemnation suit under the prohibition statutes, the burden of proof is upon the claimant to show title or interest in itself. Acts 1919, p. 13; 204 Ala. 437, 85 South. 741. A written transfer of a mortgage or conditional sale becomes effective, when delivered to the probate court for record; recording imports delivery. 108 Ala. 76, 19 South. 324. It is the duty of the conditional vendor or mortgagee of an automobile to ascertain that the car is not to be used in violation of the prohibition laws. Acts 1919, p. 13; 204 Ala. 437, 85 South. 741; 204 Ala. 325, 85 South. 557.

Arrington & Arrington, of Montgomery, for appellees.

Registration is not conclusive of delivery, and delivery rests in the intention of the parties. 146 Ala. 213, 40 South. 752, 119 Am. St. Rep. 17; 169 Ala. 606, 53 South. 812; 191 Ala. 190, 67 South. 991; 130 Ala. 450, 30 South. 500; 65 Ala. 336. Counsel argue other questions, but without citation of additional authority.

McCLELLAN, J. This is a proceeding, by the state, on the relation of the city attorney of Montgomery, to condemn an automobile that was seized by the police of the city

while being employed in the transportation of forbidden liquors. The contest was instituted by Stallworth Motor Car Company, a partnership, who claimed under a conditional sale contract (retention of title until purchase price was paid) executed to claimants by. H. and M. Leveson. The trial court condemned the interest of the Levesons in the automobile, but sustained the claim of claimants to the extent of the unpaid balance of the purchase price of the car, ordering sale accordingly.

The conditional sale of the car to the Levesons by Stallworth & Co. was consummated on Saturday afternoon, February 11, 1922. The seizure of the car by the police was made Sunday afternoon, February 12, 1922. The instrument in question was filed for record in the probate office of Montgomery county at 10 a. m., Monday, February 13, 1922, subsequent to the seizure. It appears from the testimony, complemented by the form of conditional sale agreement signed by the Levesons, that such agreements were, according to the general practice, assigned or transferred by the seller, this claimant, to the "Commercial Credit Company, Inc., New Orleans, La., without recourse." A blank form for this purpose was thus completed in this instance:

"Ford Dealer Indorse Here.

"For value received pay to the order of Commercial Credit Company, Inc., New Orleans, La., without recourse. [Signed] Stallworth Motor Car Co. [Seal.] Dealer, by C. W. Corley, Cashier."

Evidently, this indorsement was made on February 11, 1922, though it is not separately dated.

During the trial, after the writing had been introduced in evidence by the claimants, the state took the point, in effect, that the quoted assignment or transfer had divested, at the time of seizure, Stallworth & Co. of any right to or title in the automobile, investing the assignee or transferee with all the right, title, or interest of Stallworth & Co.

[1, 2] In the brief for the state (appellant) it is urged that the parol evidence to be indicated was inadmissible to contradict, alter. or vary the assignment quoted ante. No such objection to the parol evidence was taken on the trial; hence that question is not presented on this appeal. This parol evidence was designed to show that the credit company retained the right to accept or to reject such assignments; that the act of Stallworth & Co. in executing the transfer (on the form provided as stated) was not the consummation of an assignment of the rights of Stallworth & Co., operating to divest the right or title of claimants and invest the credit company with it. Pending the discussion of this question—thereby making an issue of fact upon the perfected efficacy of the assignment thus to divest the right or title of Stallworth & Co.—the credit company appeared by counsel and avowed the entire absence of any right or interest consequent upon the apparent assignment of the instrument. If the credit company had the option to accept or to reject the transfer of this instrument, it was essential that the evidence show an acceptance by the credit company before it could be affirmed that the right or title of the claimants passed to the credit company; and so, notwithstanding the act of the claimants in filing the instrument for record, with the quoted assignment indorsed thereon, two days after its execution and one day after the seizure of the car by the police. The trial court saw and heard the witnesses, with the whole instrument also in evidence. On the entire evidence it cannot be held that error affected the court's conclusion that the assignment had not become so consummated as to divest the right or title of the claimants at the time of the seizure of the car.

[3] The other objection taken to the feature of the decree establishing the right of the claimants is that the claimants, conditional vendors, were not shown to have exercised the diligence required in ascertaining, before the delivery of the car to the conditional vendees, that the car was not to be used in the unlawful transportation of prohibited liquors. The applicable rules of law in this regard were stated in Flint Motor Co. v. State, 204 Ala. 437, 85 South. 741. The evidence discloses no inquiry by the claimants as to the character, habits, or reputation of the Levesons with respect to their participation in the illegal traffic in such liquors. The only inquiry shown to have been made was as to their financial reliability or responsibility and, most generally, as to them as a "moral risk." The places of business of the claimants and of the Levesons were less than a city block apart, in the immediate neighborhood. It is manifest from the whole evidence that even a moderate degree of diligence of inquiry would have discovered to the claimants facts and circumstances (including the reputation of these parties as "bootleggers") that would have enabled the claimants to avoid the imputation of negligence in the premises. Flint Motor Co. v. State, supra; Gen. Acts, 1919, pp. 13, 14, § 13. Discussion of the evidence in detail would serve no purpose. The decree, in so far as it sustained the claim of Stallworth & Co., is reversed. In other respects it is affirmed. The cause is remanded for the entry and execution of a decree condemning, without qualification, the car described in the petition. Affirmed in part, in part reversed, and remanded with directions.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.