(102 So. 802)

## EQUITABLE CREDIT CO. v. STATE ex rel. PERRY, Deputy Solicitor. (6 Div. 181.)

(Supreme Court of Alabama. Jan. 22, 1925.)

1. Appeal and error ⬅══880(1)—Proper and regular condemnation of automobile assumed as to purchaser and driver not complaining.

Where purchaser of automobile and driver from whose possession it was taken while transporting contraband liquor did not complain, it must be assumed that condemnation was proper and regular as to them; but question as to assignee of conditional sales contract must be determined on merits.

2. Intoxicating liquors ⬅══251—Finding of imputed knowledge or notice to assignee of conditional sales contract of purchaser's reputation held warranted.

Finding that assignee of contract for conditional sale of automobile had imputed knowledge or notice of what reasonable inquiry in neighborhood of transactions would have disclosed as to purchaser's reputation as violator of prohibition law *held* justified, though assignee was nonresident.

Appeal from Circuit Court, Jefferson County, Bessemer Division; J. C. B. Gwin, Judge.

Petition in equity by the State of Alabama, on the relation of Ben G. Perry, as Deputy Solicitor of the Bessemer Division of the Circuit Court of Jefferson County, to condemn a Ford automobile (motor No. 8536212) used for the illegal transportation of prohibited liquors, and intervention by the Equitable Credit Company. From a decree of condemnation, the claimant appeals. Affirmed.

London, Yancey & Brower and Clara Cain and R. L. Norton, all of Birmingham, for appellant.

When the holder in due course of the lease sale contract establishes his title to the car seized, he is entitled to allowance of his claim. Bowling v. State, 204 Ala. 405, 85 So. 500; Standard Oil Co. v. State, 207 Ala.

---

⬅══For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAYRE, J. One Ford car, while engaged in the unlawful transportation of intoxicating liquor, was seized by the sheriff of Jefferson county, after which this proceeding was commenced for its condemnation as contraband. The person from whose possession the car was taken was brought in by summons, the owner (other than appellant) interposed no claim, and it must now be taken as conceded that, so far as they may be concerned, the car was properly condemned. Appellant, on the day of the sale of the car by a dealer to one Rosa Fulton, took from the dealer, the Ensley Motor Company, an assignment of its contract with the purchaser, whereby title was retained as security for the major part of the purchase price which remained to be paid in future installments. Appellant intervened, asserting its right as assignee, and the issue now is between it and the state, whether, when taking over the rights of the dealer, appellant exercised proper diligence to ascertain whether the car would likely be used in violation of the statute.

[1] As to the owner, that is, the purchaser from the dealer, and the driver from whose possession the car was taken, it is necessary to assume that the condemnation was proper and regular in all respects, since they are not complaining. But, of course, the question between appellant and the state must be determined upon its own merits and in agreement with principles established by previous decisions of this court. Flint Motor Car Co. v. State, 204 Ala. 437, 85 So. 741; Glover v. State, 205 Ala. 446, 88 So. 437; State v. Farley, 206 Ala. 172, 89 So. 510; State v. Leveson, 207 Ala. 638, 93 So. 608.

[2] The evidence offered on behalf of appellant in the trial court went to show that the dealer, appellant's assignor, at the time of the assignment certified: "That we believe above party [the purchaser] to be morally and financially reliable." The dealer's sales manager, who made the sale and the certificate, testified that he had known the purchaser about three years, and had never known her to be convicted of violating the prohibition law; that he consulted persons to whom the purchaser referred him and none of them told him that she had been convicted. One of the attorneys appearing for the claimant, appellant, testified, in effect, that his firm was employed to furnish to it at frequent intervals information as to all cars condemned in the equity courts of the state or in the federal court, and had no such information touching any car the property of the purchaser, and had furnished none. Evidence for the state tended to show that the purchaser was well known in police circles and generally in Ensley, where she lived, as engaged in the illicit whisky traffic, and had been convicted a number of times (in the police courts, it seems) for violating the prohibition law, and an automobile of hers, of another brand, had been condemned as contraband. Appellant appears to have relied entirely upon the certificate of the motor company. The testimony of the salesman is as significant for its omissions as for what it shows. It shows only that he and those persons to whom he was referred and of whom he inquired did not know that the purchaser had been convicted of violating the prohibition law. What they knew of her reputation as a violator of the prohibition law they did not disclose. In these circumstances the court here is of opinion that the trial court must be justified in its ruling, in substance, that appellant should be held to have had imputed knowledge, notice, of what reasonable inquiry in the neighborhood of the transactions in question would have disclosed and that, so far from appellant's nonresidence affording a reason why further inquiry need not be made, the ease with which the law might be evaded by transactions like this with nonresidents suggested greater caution, and should have stimulated appellant to more diligent inquiry than the evidence shows it made.

The judgment of the court is that the decree in question should be affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.