303, 92 So. 894; Flint Motor Co. v. State, 204 Ala. 437, 85 So. 741. Evidence of bad reputation of purchaser for violating prohibition law is not sufficient to charge claimant that the car will probably be used to transport liquor. In re Gattina, 203 Ala. 517, 84 So. 760; Davenport v. State, 205 Ala. 429, 88 So. 557; Cherry-Ellington Auto Co. v. State, 210 Ala. 469, 98 So. 389; State v. Crosswhite, 203 Ala. 586, 84 So. 813; Bearden v. State, 211 Ala. 241, 100 So. 93; State v. Leveson, 207 Ala. 638, 93 So. 608.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAYRE, J. One Ford car, while engaged in the unlawful transportation of intoxicating liquor, was seized by the sheriff of Jefferson county, after which this proceeding was commenced for its condemnation as contraband. The person from whose possession the car was taken was brought in by summons, the owner (other than appellant) interposed no claim, and it must now be taken as conceded that, so far as they may be concerned, the car was properly condemned. Appellant, on the day of the sale of the car by a dealer to one Rosa Fulton, took from the dealer, the Ensley Motor Company, an assignment of its contract with the purchaser, whereby title was retained as security for the major part of the purchase price which remained to be paid in future installments. Appellant intervened, asserting its right as assignee, and the issue now is between it and the state, whether, when taking over the rights of the dealer, appellant exercised proper diligence to ascertain whether the car would likely be used in violation of the statute.

[1] As to the owner, that is, the purchaser from the dealer, and the driver from whose possession the car was taken, it is necessary to assume that the condemnation was proper and regular in all respects, since they are not complaining. But, of course, the question between appellant and the state must be determined upon its own merits and in agreement with principles established by previous decisions of this court. Flint Motor Car Co. v. State, 204 Ala. 437, 85 So. 741; Glover v. State, 205 Ala. 446, 88 So. 437; State v. Farley, 206 Ala. 172, 89 So. 510; State v. Leveson, 207 Ala. 638, 93 So. 608.

[2] The evidence offered on behalf of appellant in the trial court went to show that the dealer, appellant's assignor, at the time of the assignment certified: "That we believe above party [the purchaser] to be morally and financially reliable." The dealer's sales manager, who made the sale and the certificate, testified that he had known the purchaser about three years, and had never known her to be convicted of violating the prohibition law; that he consulted persons to whom the purchaser referred him and none of them told him that she had been convicted. One of the attorneys appearing for the claimant, appellant, testified, in effect, that his firm was employed to furnish to it at frequent intervals information as to all cars condemned in the equity courts of the state or in the federal court, and had no such information touching any car the property of the purchaser, and had furnished none. Evidence for the state tended to show that the purchaser was well known in police circles and generally in Ensley, where she lived, as engaged in the illicit whisky traffic, and had been convicted a number of times (in the police courts, it seems) for violating the prohibition law, and an automobile of hers, of another brand, had been condemned as contraband. Appellant appears to have relied entirely upon the certificate of the motor company. The testimony of the salesman is as significant for its omissions as for what it shows. It shows only that he and those persons to whom he was referred and of whom he inquired did not know that the purchaser had been convicted of violating the prohibition law. What they knew of her reputation as a violator of the prohibition law they did not disclose. In these circumstances the court here is of opinion that the trial court must be justified in its ruling, in substance, that appellant should be held to have had imputed knowledge, notice, of what reasonable inquiry in the neighborhood of the transactions in question would have disclosed and that, so far from appellant's nonresidence affording a reason why further inquiry need not be made, the ease with which the law might be evaded by transactions like this with nonresidents suggested greater caution, and should have stimulated appellant to more diligent inquiry than the evidence shows it made.

The judgment of the court is that the decree in question should be affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.

---

(102 So. 803)

EQUITABLE CREDIT CO. et al. v. STATE ex rel. PERRY. (6 Div. 312.)

(Supreme Court of Alabama. Jan. 22, 1925.)

1. Intoxicating liquors ⊂⊃251—Prima facie case, shifting burden of proof to claimant of condemned automobile, held established.

Undisputed evidence of defendant's purchase of automobile, and his use thereof at time of seizure while conveying prohibited liquors, made out prima facie case for condemnation, casting burden on assignee of conditional sale contract to prove superior right to car.

**2. Intoxicating liquors ⬤⟹251—Evidence of automobile purchaser's general reputation and records of conviction and pending charges for such offenses admissible against claimant.**

In proceeding to condemn and sell automobile used to convey prohibited liquors, and claimed by assignee of conditional contract, state could prove that defendant's reputation for violating prohibition law was bad at time he purchased car, and when contract was transferred to claimant, and that court records then showed convictions of such offense and similar charges pending against him, to show that reasonable inquiry would have shown defendant's intent to use car unlawfully, though claimant was nonresident corporation.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Petition in equity by the State of Alabama, on the relation of Ben G. Perry, Deputy Solicitor of the Bessemer Division of the Circuit Court of Jefferson County, to condemn Ford touring car, motor No. 8673060, used in conveying prohibited liquors; and intervention by the Equitable Credit Company. From a decree of condemnation, claimant appeals. Affirmed.

London, Yancey & Brower, and Clara Cain and R. L. Norton, all of Birmingham, for appellant.

Evidence of a conviction of vendee in a court not of record, and evidence of bad reputation of the vendee in the community for violating the prohibition law, is not sufficient to charge claimant with notice or knowledge that the automobile seized would be used unlawfully. In re Gattina, 203 Ala. 517, 84 So. 760; Flint Motor Co. v. State, 204 Ala. 437, 85 So. 741; Davenport v. State, 205 Ala. 429, 88 So. 557; Cherry-Ellington Auto Co. v. State, 210 Ala. 469, 98 So. 389; State v. Crosswhite, 203 Ala. 586, 84 So. 813; Bearden v. State, 100 So. 93; Eckl v. State, 205 Ala. 466, 88 So. 567; State v. Hughes, 203 Ala. 90, 82 So. 104; State v. Lexington Automobile, 203 Ala. 507, 84 So. 297; One Packard Automobile .v. State, 204 Ala. 435, 86 So. 21.

Harwell G. Davis, Atty. Gen., for appellee.

Brief of counsel did not reach the Reporter.

MILLER, J. This is an application by petition in equity, filed by the state through its solicitor, to have condemned as contraband and forfeited to the state one Ford automobile, the property of Walker Williams, under section 13, General Acts 1919, p. 13, now sections 4778 et seq., Code 1923, on the ground when seized it was then being used by the owner, Walker Williams, in illegally conveying prohibited liquors from one point in this state to another point in the state. There was a decree pro confesso against the defendant Walker Williams on personal service. The Equitable Credit Company, Inc., of New Orleans, La., filed a claim to the automobile, alleging: That the defendant purchased it from the Crawford Auto Shop, Inc., of Birmingham, Ala., under a lease sale written contract, by which the vendor retained title to it until the balance of the purchase price was paid in full; the contract was duly recorded in the probate office of Jefferson county, Ala., the amount due and unpaid thereon was $420; that claimant was the holder for value for the vendor in due course of said contract; and that Walker Williams "was transporting liquor without the knowledge, notice, or consent of this claimant, nor could it have ascertained by the exercise of reasonable diligence of said illegal use of said car, although they had used due diligence in ascertaining for what purpose the car was being used."

The cause was tried by the court; the witnesses were examined orally in open court by the parties before the judge. The court on pleading and proof by decree declared complainant entitled to relief, and ordered the car sold as contraband and the proceeds divided as the statutes direct. This appeal is prosecuted by the claimant from that decree.

[1] This car in possession of Walker Williams was seized by the deputy sheriff of Jefferson county, working out of the Bessemer office. This official saw the car running in a public road in Jefferson county; stopped it; the defendant was the only occupant, and it contained 5 gallons of whisky in 1-gallon cans, and 10 gallons in two 5-gallon cans. This was on April 26, 1924. The undisputed evidence shows the defendant Walker Williams purchased this car on December 10, 1923, in Birmingham, Ala., from the Crawford Auto Shop, and he was using it on April 26, 1924, when seized by the deputy sheriff, to illegally convey in Jefferson county, from one point to another point therein, 15 gallons of prohibited liquors. This made out a prima facie case for complainant for condemnation of the automobile. Flint Motor Car Co. v. State, 204 Ala. 437, 85 So. 741; Carey v. State, 206 Ala. 351, 89 So. 609; Cherry-Ellington Auto Co. v. State, 210 Ala. 469, 98 So. 389. The burden of proof then shifted to the claimant to establish its superior right to the car. Flint Motor Car Co. v. State, supra; Cherry-Ellington Auto Co. v. State, 210 Ala. 469, 98 So. 389.

[2] It was relevant and competent for the state to prove that prior to and when Walker Williams, the defendant, purchased this car from the Crawford Auto Shop in Birmingham, and when the contract of sale and notes

for it were transferred by it to the claimant, that the general reputation of defendant, in the community (Bessemer) where he resided, for violating the prohibition law was bad, and that the records in the recorder's court, and in the circuit court of Bessemer, showed at that time he had been convicted for an offense of this kind, and that charges for these offenses were then pending against him in the circuit court of Bessemer and on appeal in the Court of Appeals.

The defendant purchased this car from the Crawford Auto Shop on December 10, 1923, and the conditional sale agreement was executed by defendant that day, and on that day it was assigned to the claimant in Birmingham by the vendor. This contract shows on its face that defendant resided on that day in Bessemer at No. 509 Nineteenth street; and on that day the records of the recorder's court and of the circuit court of Bessemer showed the conviction of the defendant of this offense, an appeal therefrom and other cases charging him with violating the prohibition law were pending on the docket of said court.

The reputation of defendant in Bessemer where he resided as to violating the prohibition law, and the charges for these offenses then pending on the dockets when he was purchasing the car, and when the vendee sold the contract to the claimant, are relevant evidence, as tending to show if claimant had made reasonable inquiry, it could have obtained knowledge or notice of facts reasonably calculated to show the defendant intended to use this car for the unlawful purposes before or at the time it purchased the contract of sale and debt it secured. Bearden v. State, 211 Ala. 241, 100 So. 93; Equitable Credit Co. v. State, ante, p. 406, 102 So. 802.

It is true the claimant is a nonresident corporation of New Orleans, La., but the evidence shows that claimant, "for the purpose of further preventing the purchase of contracts on cars owned by parties that habitually violate the prohibition law, they obtained through their attorneys * * * a list from the solicitor's office, Jefferson county, of all parties convicted for violating the prohibition law, and that at the time this contract was bought the name of Walker Williams did not appear on any list furnished by the solicitor of Jefferson county." There is no evidence that claimant before purchasing this contract of sale, and the debt secured by it, inquired of the solicitor of the circuit court of Bessemer, in Jefferson county, where the contract of sale shows on its face the defendant, Williams, then resided, to see if he had been convicted in that court of violating the prohibition laws. It is evident from this evidence, if the claimant's attorneys in Birmingham, before claimant purchased this contract, had made any moderate inquiry of the solicitor or officials at Bessemer in the same county in reference to Walker Williams, they would have learned of facts indicating that the defendant's reputation was then bad for violating the prohibition law; that he had been convicted of this offense; and that charges for similar offenses were then pending against him. See Equitable Credit Co. v. State (Ala. Sup.) 102 So. 802;[1] State v. Leveson, 207 Ala. 638, 93 So. 608. The claimant did not meet and overcome by the evidence the burden of proof placed on it by the law. State v. Leveson, 207 Ala. 638, 93 So. 608, and authorities, supra.

A further discussion and statement of the evidence is unnecessary, and not required.

The court did not err under the evidence in the decree rendered, and it is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.

