(104 So. 826)
**HALL v. STATE ex rel. BRICKELL.**
(8 Div. 715.)

(Supreme Court of Alabama. June 11, 1925.)

1. **Criminal law �köö304(6)—Supreme Court judicially knows that towns of New Hope and Huntsville are in Madison county.**

Supreme Court judicially knows that towns of New Hope and Huntsville are in Madison county.

2. **Intoxicating liquors �köö246—Automobile held subject to condemnation and sale as contraband.**

An automobile, illegally conveying prohibited liquors on a public highway in the state, *held* subject to condemnation and sale as contraband.

3. **Intoxicating liquors �köö250—That automobile seized by deputy sheriff illegally conveyed intoxicating liquors upon public highway in state held to make prima facie case for state for condemnation of car as contraband.**

Fact that automobile seized by deputy sheriff illegally conveyed intoxicating liquors upon public highway in state *held* to make prima facie case for state for condemnation of car as contraband, shifting the burden of proof to claimants of the car.

4. **Intoxicating liquors �köö251—Decree disallowing claims of claimants of seized automobile, and condemning such car and ordering its sale as contraband, held not error.**

Decree disallowing claims of claimants of seized automobile, condemning such car, and ordering its sale as contraband *held* not error under the evidence.

Appeal from Circuit Court, Madison County; James E. Horton, Jr., Judge.

Proceeding by the State, on the relation of Robert C. Brickell, Deputy Solicitor, to con-

demn a Ford automobile used in the unlawful transportation of prohibited liquors, in which A. H. Hall and another interposed their claims. From a decree of condemnation, claimant A. H. Hall appeals. Affirmed.

Rayburn, Wright & Rayburn, of Guntersville, for appellant.

The venue must be laid in the county where the offense was committed. The evidence in this case fails to show the seizure in Madison county. Patterson v. State, 156 Ala. 62, 47 So. 52. The burden of proof was upon the state. Sanders v. State, 167 Ala. 85, 52 So. 417, 28 L. R. A. (N. S.) 536; Perry v. State, 155 Ala. 93, 46 So. 470; 16 C. J. 528. Claimant knew nothing of his car being unlawfully used, and he was guilty of no negligence in the premises. Eckl v. State, 205 Ala. 466, 88 So. 567; Puckett v. State, 204 Ala. 238, 85 So. 452; State v. Hughes, 203 Ala. 90, 82 So. 104.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

MILLER, J. This is a proceeding, instituted by the solicitor of the eighth judicial circuit, through his deputy for Madison county, to have condemned one Ford touring car on the ground it had been used in illegally and unlawfully conveying prohibited liquors from one point in this state to another point within the state, and in Madison county, within the last two days before the filing of the bill of complaint, which was filed on March 28, 1924.

The car when seized was in possession of J. Ed. Hall, the 26-year old son of claimant, Alfred H. Hall. Alfred H. Hall, as owner of the car, filed claim to it, and Butler Bros. as vendors and mortgagees filed claim to it also.

The court by decree held the state was entitled to the relief it seeks, disallowed the claims of the claimants, ordered the car condemned and sold, and the proceeds of the sale divided as the statute provides. Alfred H. Hall appeals from this decree, and assigns it as error.

Appellant insists the car was improperly condemned and ordered sold by the trial court, because there is no evidence that it had been used in Madison county unlawfully to convey prohibited liquors from one point to another point in this state in that county.

[1] The petitioner avers under oath that this car was so used "within said county of Madison, state of Alabama, within the last two days before the filing of this bill." Neither the defendant nor the claimant put this fact in issue; neither of them deny it in their pleading. There was proof that this car was being run "on the public highway coming from Marshall county towards Huntsville." J. E. Hall and H. C. Thompson were in the car at the time. J. E. Hall passed through New Hope going in the direction of Huntsville; a deputy followed him about six miles, and there was a liquid running out of the car that "smelt like whisky." The deputy sheriff then stopped the car, found two broken fruit jars with whisky in the caps of the jars and a rubber mat in the car soaked with whisky, and there was some whisky in the bottom of the jars. J. E. Hall drove the car under the direction of the deputy sheriff to Huntsville, where it was placed in the custody of the sheriff at the jail. When the car was seized it was running on a public road leading from New Hope, an incorporated town, to Huntsville, another incorporated town, the county seat of Madison county, and it had prohibited liquors in it. These towns we judicially know are located in Madison county, and from the proof it is clear the car when seized was illegally conveying, contrary to the statute, prohibited liquors; and from the evidence and pleading it was evident that it was, at the time it was seized, running on the public highway in Madison county between New Hope and Huntsville.

[2, 3] This evidence rendered the car subject to be seized by the deputy sheriff; made it liable to be condemned and sold as contraband. This evidence made a prima facie case for the state for condemnation. Carey v. State, 206 Ala. 351, 89 So. 609; Cherry-Ellington Auto Co. v. State, 210 Ala. 469, 98 So. 389. This shifted the burden of proof to the claimants. Authorities, supra. See, also, A. S. Edwards v. State, ante, p. 122, 104 So. 255.

[4] The claim of Butler Bros. shows on its face that they sold this car to A. H. Hall and J. E. Hall; that they took a mortgage on it, and that the balance due on it is $84.84. A. H. Hall is the other claimant, and J. E. Hall is his son, and the son was running the car when seized by the deputy sheriff. This mortgage was recorded June 14, 1923. The claimant A. H. Hall introduced in evidence a certificate of title made by him under oath on December 6, 1923, before the judge of probate, in which he swears that he is the owner of the car, and that there are no liens or incumbrances on it. J. E. Hall, who is 26 years old, resided with his father in Marshall county, four or five miles from New Hope. The reputation of each (father and son) in this community, where they resided, has been bad for years previous to this seizure of the car for violating the prohibition laws. At the time of the trial of this cause A. H. Hall was serving a term in the penitentiary of this state for violating the prohibition law. True, there is evidence that J. E. Hall at the time the car was

seized was using it without authority of his father or his mother, who had its custody; and there is evidence to the contrary. The great weight of the evidence sustains the trial court in disallowing the claims of the claimants, and in condemning and ordering the car sold as contraband, and we hold it did not err in rendering this decree on the evidence. Equitable Credit Co. v. State, 212 Ala. 406, 102 So. 802; Id., 212 Ala. 407, 102 So. 803; A. S. Edwards v. State, ante, p. 122, 104 So. 255.

The record is free from error, and the decree is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.