(106 So. 337)

### STATE v. GADSDEN LOAN & TRUST CO.

### (7 Div. 540.)

(Supreme Court of Alabama. June 18, 1925. Rehearing Dismissed Dec. 10, 1925.)

Intoxicating liquors ⬤⟶246—Failure of claimant to inquire as to reputation of automobile purchaser held negligence.

In proceeding to condemn automobile used to transport contraband liquor, where fact of bad reputation of purchaser was presumptively accessible to claimant thereof as transferee of note for price, failure of latter to make inquiry as to such reputation was negligence which must result in forfeiture.

Sayre and Somerville, JJ., dissenting.

---

⬤⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from Circuit Court, De Kalb County; W. W. Haralson, Judge.

Bill in equity by the State of Alabama to condemn an automobile used (by Matt Jackson) in the illegal transportation of prohibited liquors, with intervention of claim by the Gadsden Loan & Trust Company. From the decree, complainant appeals. Reversed and rendered.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Claimant did not discharge the burden upon it to show diligence in inquiring as to the reputation of the defendant. Equitable Credit Co. v. State, 212 Ala. 406, 102 So. 802; Id., 212 Ala. 409, 102 So. 805.

J. V. Curtis, of Ft. Payne, for appellee.

Claimant met the requirements of negativing notice or knowledge on its part of the unlawful use of the automobile. Edwards v. State, 213 Ala. 122, 104 So. 255; McCormack Bros. Motor Car Co. v. State, 213 Ala. 7, 104 So. 257; Bowling v. State, 204 Ala. 405, 85 So. 500.

SOMERVILLE, J. The proceeding is in equity for the condemnation of an automobile shown to have been used by the owner for the transportation of contraband liquors. The Gadsden Loan & Trust Company intervened as claimant, and showed that the car in suit was sold to one J. M. Jackson by the Attalla Motor Company, the vendor taking a mortgage note for the unpaid purchase money; and that said security was by the payee transferred for a valuable consideration to the claimant. The trial court found that the car was subject to condemnation, but held in favor of the claimant, and adjudged that its lien is superior to the state's right of confiscation.

The evidence does not show that the claimant made any investigation as to the purchaser's reputation, or as to his intentions in regard to the use of the car. Conceiving that this shows negligence on the part of the claimant as a matter of law, the state appeals and asks for a reversal of the decree.

One witness for the state testified to the bad reputation of the vendee, Jackson, as a "wildcatter and bootlegger," and my associates are of the opinion that the claimant's failure to make inquiry as to Jackson's reputation—the fact of his bad reputation being presumptively accessible to the claimant— was negligence which must result in the forfeiture of the car. Edwards v. State (Ala. Sup.) 104 So. 255.[1] My own conclusion would have been otherwise, in which Mr. Justice SAYRE concurs.

It results that the decree of the trial court must be reversed, and a decree will be here entered denying the claim of the intervener,

---
[1] 213 Ala. 122.

and ordering the condemnation and sale of the motorcar in suit, as provided by law.

Reversed and rendered.

ANDERSON, C. J., and GARDNER, THOMAS, MILLER, and BOULDIN, JJ., concur.

SAYRE and SOMERVILLE, JJ., dissent.

