(106 So. 399)

### EQUITABLE CREDIT CO. v. STATE ex rel. PERRY.    (6 Div. 327.)

(Supreme Court of Alabama. June 18, 1925. Rehearing Denied Dec. 10, 1925.)

**1. Intoxicating liquors ⬅250—Evidence held to sustain finding that holder of lease sale contract could have discovered that purchaser of automobile had reputation of being whisky runner.**

In proceedings for condemnation of automobile used for transportation of contraband liquors, evidence *held* sufficient to sustain finding that purchaser had reputation of being whisky runner at time car was bought,' and that holder of lease sale contract could have ascertained such fact by use of reasonable diligence.

**2. Intoxicating liquors ⬅253 — Where finding of trial court on question of fact is supported by evidence, it will not be disturbed on appeal.**

Where the finding of the trial court on question of fact is supported by the evidence, it will not be disturbed on appeal.

On Rehearing.

**3. Intoxicating liquors ⬅250—Negligence of vendor of vehicle in ascertaining purchaser's reputation is question for jury.**

When purchaser of vehicle suitable and commonly used for transportation of contraband liquors has established reputation as violator of prohibition laws, upon proof of such unlawful use, negligence of vendor with respect to ascertainment of that reputation is question for the jury, though vendor made some inquiry.

Sayre, J., dissenting in part.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Bill by the State, on the relation of Ben G. Perry, Deputy Solicitor, to condemn an automobile illegally used in the transportation of prohibited liquors, with intervention of claim by the Equitable Credit Company. From a decree for complainant, claimant appeals. Affirmed.

London, Yancey & Brower and Clara Cain, all of Birmingham, for appellant.

A mortgagee or transferee of conditional sale contract is not an insurer against unlawful use of an automobile covered thereby, and a holder in due course is entitled to his claim against the state unless it is affirmatively shown that he received knowledge or notice of unlawful use. When the claimant shows inquiry made in the community in which the vendee lives, and no information gained of reputation as a law violator, but to the contrary, claimant makes out a prima

facie case. Flint Motor Car Co. v. State, 204 Ala. 437, 85 So. 741; State v. Hughes, 203 Ala. 90, 82 So. 104; State v. Crosswhite, 203 Ala. 586, 84 So. 813; Standard Oil Co. v. State, 207 Ala. 303, 92 So. 894; State v. Paige Auto, 204 Ala. 44, 85 So. 276; Ford Auto v. State, 203 Ala. 517, 84 So. 760; Edwards v. State, 213 Ala. 122, 104 So. 255.

Harwell G. Davis, Atty. Gen., and Ben G. Perry, Deputy Sol., and Arthur Green, Asst. Deputy Sol., both of Bessemer, for appellee.

Evidence of seizure of the automobile operated over a highway of the county and finding of intoxicating liquors therein made a prima facie case for condemnation; thereafter the burden shifted to the claimant. Code 1923, § 4778; Cherry-Ellington v. State, 210 Ala. 469, 98 So. 389; Flint Motor Car Co. v. State, 204 Ala. 437, 85 So. 741; Equitable Cr. Co. v. State, 212 Ala. 406, 102 So. 802; Id., 212 Ala. 407, 102 So. 803; D. & S. Motor Co. v. State, 212 Ala. 371, 102 So. 805; Bearden v. State, 211 Ala. 241, 100 So. 93.

SOMERVILLE, J. The bill of complaint is filed to procure the condemnation of an automobile which was used by one H. J. Jackson for the transportation of contraband liquors.

The Equitable Credit Company, a corporation domiciled in New Orleans, intervened as claimant, admitting the allegations of the bill of complaint, and alleging:

"That J. E. Huey is the person who purchased on a lease sale contract from Adamson Motor Company the automobile herein referred to, and that the Equitable Credit Company, Inc., is the holder in due course; that by said contract the title to this automobile is retained in the seller, and there remains unpaid on said lease sale contract the sum of $280, together with interest; and that the said J. H. [H. J.] Jackson was transporting contraband liquor without the knowledge and consent of the Equitable Credit Company, although they had used due diligence in ascertaining for what purpose the car was being used."

[1] The only issue between the state and the claimant was upon the negligence vel non of the claimant in ascertaining that the car in suit was to be used, or was being used, by the conditional vendee, J. E. Huey, for the transportation of contraband liquors. The trial court found "that Earl [J. E.] Huey owned said car subject to lease sale contract of claimant; * * * that Earl Huey had the reputation of being a whisky runner at the time he bought the car from claimant, which could have been ascertained by use of reasonable diligence on the part of claimant"; and the claim was denied.

The evidence shows that Huey bought the car from the Adamson Motor Company, of Birmingham, on April 14, 1924, and the lease

contract and notes were sold and transferred on the same day to claimant; that the Adamson Motor Company obtained from Huey at the time of the sale references to three business concerns in Bessemer, and that these parties stated to the Adamson Company that Huey was "both morally and financially responsible, and that he was buying the car for business and pleasure, and not for the purpose of violating the prohibition law." The evidence shows also that the sheriff's office at Bessemer furnished to claimant's attorneys a list of those who had been convicted in that jurisdiction of violating the prohibition laws, and that Huey's name was not in the list. The date of that transaction, however, does not appear. On the other hand, a number of witnesses testified to the bad reputation of Huey as a whisky runner and violator of the prohibition laws, which was not controverted.

[2] We think the finding of the trial court was well supported by the evidence, and, being like the verdict of a jury, it ought not to be disturbed by this court on appeal.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.

### On Rehearing.

SOMERVILLE, J. [3] The principle established by our decisions is that, when the purchaser of an automobile or other vehicle, suitable and commonly used for the transportation of contraband liquors, has an established reputation in the community in which he lives or does business, as a bootlegger or violator of the prohibition laws, then, upon proof of such unlawful use of the vehicle, the negligence vel non of the vendor, claimant, with respect to the ascertainment of that reputation is a question of fact in every case. And it is none the less a question of fact, although it appears that the claimant has made some inquiry or investigation; the good faith and sufficiency thereof being still a question of fact determinable upon a fair consideration of the circumstances, including expecially the source, degree, and generality of the purchaser's bad reputation.

Our recent cases, including Edwards v. State (Ala. Sup.) 104 So. 255,[1] are in harmony with this view, upon which the decision herein is predicated.

The application for rehearing will be overruled.

All the Justices concur, except SAYRE, J., who dissents.

SAYRE, J. I am in agreement with the law as stated in the above opinion, but do not think it is properly applied in this case under the evidence.

[1] 213 Ala. 122.