(111 So. 1)

### HANNA MOTOR CO. v. STATE.
(6 Div. 832.)

(Supreme Court of Alabama. Jan. 13, 1927.)

Intoxicating liquors ⬦⟹251—Evidence held sufficient to show seller's implied notice of prospective use of automobile seized for transporting liquor.

In suit to condemn Ford coupé taken in act of transporting forbidden liquors, evidence showing automobile sales agent to have visited purchaser at house of questionable reputation several times while engaging in negotiation for sale, claimant automobile company *held* put on notice that automobile would probably be used in transporting forbidden liquors, so decree condemning claimant's interest would be affirmed.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill by the State to condemn one Ford coupé as having been used in transporting prohibited liquor, and interposition of claim by the Hanna Motor Company. From a decree of condemnation, claimant appeals. Affirmed.

London, Yancey & Brower and Whit Windham, all of Birmingham, for appellant.

The general reputation of the prospective buyer of an automobile, as to violating the prohibition law, is the only phase of the buyer's reputation which the vendor is charged with the duty of investigating. Briscoe v. State, 204 Ala. 231, 85 So. 475; Edwards v. State, 213 Ala. 122, 104 So. 255; Wright Motor Co. v. State, 214 Ala. 120, 106 So. 868. The state's prima facie case was overcome when claimant showed it had no knowledge that the automobile was to be used for the illegal purpose, and the burden shifted to the state. Equitable Credit Co. v. State, 214 Ala. 77, 106 So. 399; Hockstein v. State, 214 Ala. 563, 108 So. 571; Edwards v. State, supra. Only material and relevant evidence should be considered on appeal. Code 1923, § 6565.

Harwell G. Davis, Atty. Gen., and Jim Davis, Sol., and L. Herbert Ethridge, Asst. Sol., both of Birmingham, for the State.

The burden was upon claimant to show that it had no actual knowledge that the car would likely be used in transporting liquor or notice of facts that tended to show that it would likely be so used. Flint Motor Co. v. State, 204 Ala. 437, 85 So. 741; Cherry-Ellington Auto Co. v. State, 210 Ala. 469, 98 So. 389; McCormack Bros. Motor Co. v. State, 213 Ala. 6, 102 So. 894; Edwards v. State, 213 Ala. 122, 104 So. 255; Equitable Credit Co. v. State, 214 Ala. 77, 106 So. 399; 2 C. J. 859.

SAYRE, J. One Ford coupé, taken in the act of transporting forbidden liquors, was condemned by the decree of the circuit court sitting in equity. The Hanna Motor Company had interposed its claim as owner of the automobile, and has appealed from the decree. Claimant had entered into a written contract for the sale of the automobile to one Elizabeth Parson, and had delivered the car to her, retaining title as security for the unpaid purchase money. When the car was taken into custody by officers of the law, it was being driven by one Henderson, who had a reputation among officers and court officials as a bootlegger. Elizabeth Parson kept a lodging house. There was testimony going to show that she was generally reputed to be the keeper of a house of assignation much frequented by bootleggers, where also whisky was disposed of. Officers testified without objection that Elizabeth Parson ran

a "whisky joint," but they had never found any whisky at her place. The testimony authorized the inference that Henderson was her particular friend and frequented her place along with bootleggers and whisky runners.

Claimant relied on the fact that it had telephoned to the Commercial Credit Association for information concerning the purchaser before making the sale, and had been informed that the purchaser kept a boarding house and had never been convicted of violating the prohibition law. Without conceding that this proof, standing alone, would have justified a finding that the claimant was an innocent vendor, it remains to consider the effect of testimony which went to show that claimant's agent negotiating the sale of the car had on three occasions visited the house kept by Elizabeth Parson. We think it not unreasonable to infer that this sales agent must have seen enough to put him on notice as to the character of the house and the reputation of its inmates. And, notwithstanding the report of the credit association, if the sales agent had notice—that is, knowledge of facts which would have led a prudent man to a reasonable judgment as to the reputation of the purchaser—claimant was affected by its agent's notice, and cannot avail itself of the meager report furnished by the credit association as sufficient to relieve it of responsibility for the purchaser's use of the car. In 2 C. J. p. 859, § 5, the pertinent rule of law is stated in the following language:

"Subject to the qualifications hereafter considered" (none of which affect the application of the rule in the present case) "it is a well settled general rule that a principal is affected with constructive knowledge, regardless of his actual knowledge, of all material facts of which his agent receives notice or acquires knowledge while acting in the course of his employment and within the scope of his authority, although the agent does not in fact inform his principal thereof."

Pages of adjudicated cases are cited, including numerous cases decided by this court, ranging from Wiley v. Knight, 27 Ala. 336, down to Hall Machine Co. v. Haley Furniture Co., 174 Ala. 190, 56 So. 726, L. R. A. 1918B, 924. In the first-named case it was said that, if such were not the law, notice might be avoided in every case by the employment of an agent. Of course such knowledge on the part of an agent, to bind his principal, "must be limited to such knowledge or information as comes to the agent in transacting the business of his principal." Central of Georgia v. Joseph, 125 Ala. 319, 28 So. 37. We read the record in the present case to mean that claimant's sales agent

visited the purchaser at her house on three different occasions while engaged in the negotiation of the sale to her. Such being the case, we cannot affirm error of the trial court's conclusion that claimant was put upon notice that the automobile would probably be used in transporting forbidden liquors or of its decree condemning claimant's interest in the machine. Equitable Credit Co. v. State, ex rel. Perry, 214 Ala. 77, 106 So. 399.

Appellant assigns for error two rulings on the admission of evidence. The rulings were harmless and of no avail to reverse in any event. We had something to say as to the proper practice in such matters in the recent case of Woody v. Tucker, Willingham & Co. ante, p. 278, 110 So. 465.

The decree is affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.