(113 So. 274)

**LEIGEBER et al. v. STATE.** (8 Div. 891.)

Supreme Court of Alabama. June 9, 1927.

Intoxicating liquors ⬅➾250—Negligence of seller of automobile in investigating buyer's reputation as violator of liquor laws, held question for trial court.

In proceeding to condemn an automobile used in illegal transportation of prohibited liquor, evidence of negligence of the seller, who claimed under a conditional sale contract, in failing to ascertain buyer's reputation as a violator of prohibition laws *held* for the trial court sitting as a jury.

Appeal from Circuit Court, Morgan County; James E. Horton, Judge.

Bill in equity by the State of Alabama to condemn an automobile used by Red Roan in the illegal transportation of prohibited liquors, with intervention of claim by J. A. Lei-geber and the Commercial Credit Company. From a decree for complainant, claimants appeal. Affirmed.

Eyster & Eyster, of Albany, and A. A. Griffith, of Cullman, for appellants.

Claimants had no knowledge or notice of any design on the part of Roan to use the car for any unlawful purpose, or knowledge or notice of any fact to excite suspicion and put a reasonably prudent person on inquiry as to such intended use of the car. Edwards v. State, 213 Ala. 123, 104 So. 255.

Charlie C. McCall, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., for the State.

The state discharged its burden when it proved that the car was used in transporting liquor and that the claimant made no inquiry in the county of the residence of the purchaser and that there certain facts existed which, had they been inquired about, would have put the claimant on notice. State v. Gadsden L. & T. Co., 214 Ala. 68, 106 So. 337; Wright v. State, 214 Ala. 120, 106 So. 868; Equitable Credit Co. v. State ex rel. Perry, 212 Ala. 407, 102 So. 803. Negligence of the claimant in ascertaining the reputation of the buyer of the car was a question for the trial court, and his finding should not be disturbed. Equitable Credit Co. v. State, 214 Ala. 77, 106 So. 399.

ANDERSON, C. J. This is a condemnation proceeding in behalf of the state against a certain automobile found in the possession of one "Roan," and which was at the time being used for the transportation of liquor in violation of the prohibition law, and the appellant interposed a claim to the said car, relying upon a conditional sale contract.

The evidence shows that Roan resided at Decatur, but the negotiations for the purchase of the car were had at Cullman, the appellant having a business both at Cullman and Decatur. Roan had a well-established reputation at Decatur for being a violator of the prohibition laws, and ordinary inquiry made there would have evidently disclosed his said reputation. The claimant admitted that he made no inquiry or investigation at Decatur, and the only effort made by him to ascertain the reputation of his vendee was by asking a few friends at Cullman about him, none of whom he could or did name. Nor does it appear that the information that he got through this source was favorable to the character of said Roan. We think that the claimant's effort to acquit himself of negligence was, at best, a jury question, to be determined by the trial court sitting as a jury, and we do not feel disposed to disturb the conclusion reached by the circuit court. Equitable Credit Co. v. State, 214 Ala. 77, 106 So. 399; State v. Gadsden Co., 214 Ala.

---

⬅➾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

68, 106 So. 337; Equitable Co. v. Perry, 212 Ala. 407, 102 So. 803.

This case is unlike the case of Edwards v. State, 213 Ala. 122, 104 So. 255, and is more like the case of State ex rel. Elmore v. Leveson, 207 Ala. 638, 93 So. 608, and other cases cited and differentiated in the Edwards Case, as the vendee here had a bad reputation as a prohibition violator, which was not so in said Edwards Case.

The decree of the circuit court is affirmed. Affirmed.

SAYRE, GARDNER, and BOULDIN, JJ., concur.