(134 So. 867)

## AUBURN SALES CO. v. STATE.
### 6 Div. 888.

Supreme Court of Alabama.
May 21, 1931.

Rehearing Denied June 11, 1931.

Lange, Simpson & Brantly, of Birmingham, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

BOULDIN, J.

This is a proceeding in equity for condemnation of an automobile as contraband, because used in the transportation of prohibited liquors.

The case involves the interest of an intervening claimant, the vendor under a conditional sale contract.

Touching the alleged illegal use of the car, the evidence was to the effect that, while being driven by Curtis Smith, the purchaser-owner, on the streets of Birmingham, the car was chased by police officers of the city. After running several blocks, it was run into a curb and a wheel broken. Smith got out of the car with a brief case and ran. Overtaken, the brief case was seized, opened, and found to contain two tin cans, one gallon can, filled with corn whisky.

The prisoner, also the brief case and contents, were taken in the officers' car to the jail. Leaving the brief case and contents in the car unguarded for a few minutes, it disappeared, and was never found. The only direct evidence that the contents of the containers was corn whisky was that of one of the officers who testified he opened one of them, removing the stopper, and smelled the corn whisky.

An appeal is made not to sanction the condemnation of the property of an innocent third party on the evidence of an officer's smell. We are not prepared to say the trial

court would not be justified in holding such an identification of corn whisky sufficient. But the circumstances here furnish ample corroboration that the car was in use in the transportation of prohibited liquors. They need no further comment.

■■ This made a prima facie case for condemnation and sale of the interests of all persons who "could by reasonable diligence have obtained knowledge or notice" of such unlawful use of the car. Code, § 4781.

The evidence of Mr. Miller, the representative of the vendor who made the sale, was to the effect that he had known Curtis Smith, the purchaser, as a speaking acquaintance, for three years, knew him as a coal dealer in the city, and had purchased coal from him; that references of high standing, naming them, were consulted generally as to his responsibility; that their reports were good, and, having no knowledge or information leading to the belief that he was in the bootlegging business, the sale was made in good faith.

Thus far, we may say, no good reason to condemn the interest of the vendor in the car would appear.

But it further appeared that no direct inquiry as to Curtis Smith's record or reputation as a bootlegger was made. It appears Mr. Miller had been informed that a brother of Curtis Smith had been in such business in Birmingham.

In rebuttal, the state adduced evidence of Curtis Smith's conviction several years before of violation of the prohibition laws, and that at the time of the sale his general reputation in that regard was bad, that especially in police circles he was known as a bootlegger.

We may suggest the law enforcement agency of a city where one is known to reside constitutes the natural, if not obvious, source of inquiry by persons who are charged by law with diligence in avoiding the bootlegger as an automobile purchaser.

■ The rule charging the vendor with the duty of inquiry, when it is shown that proper inquiry would have led to knowledge of the general reputation of the purchaser as a bootlegger, is now too well established to be questioned or to call for further statement. Edwards v. State, 213 Ala. 122, 104 So. 255; Wright Motor Co. v. State, 214 Ala. 120, 106 So. 868; Parker v. State, 219 Ala. 362, 122 So. 464; Auburn Sales Co. v. State, 219 Ala. 360, 122 So. 463; Hartzog-Ganey Motor Co. v. State (Ala. Sup.) 130 So. 771;[1] State v. Frazier (Ala. Sup.) 131 So. 442;[2] Cherry-Ellington Automobile Co. v. State, 210 Ala. 469, 98 So. 389; Equitable Credit Co. v. State, 214 Ala. 77, 106 So. 399; General Motors Accept-

ance Corp. v. State, 217 Ala. 571, 117 So. 181; Carey v. State, 206 Ala. 351, 89 So. 609; Flint Motor Car Co. v. State, 204 Ala. 437, 85 So. 741; State v. Gadsden Loan & Trust Co., 214 Ala. 68, 106 So. 337; Equitable Credit Co. v. State ex rel. Perry, 212 Ala. 407, 102 So. 803; State ex rel. Elmore v. Leveson, 207 Ala. 638, 93 So. 608; Leigeber v. State, 216 Ala. 341, 113 So. 274; People's Auto Co. v. State, 218 Ala. 553, 119 So. 662; D. & S. Motor Co. v. State ex rel. Perry, 212 Ala. 371, 102 So. 805; Conner v. State ex rel. Perry, 212 Ala. 360, 102 So. 809; Equitable Credit Co. v. State ex rel. Perry, 212 Ala. 406, 102 So. 802.

On the evidence as a whole, we find no good cause to reverse the trial court.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.

