187 So. 872

### COMMERCIAL CREDIT CO. v. STATE.

#### 4 Div. 59.

Supreme Court of Alabama.

April 6, 1939.

Yarbrough & Beck, of Enterprise, for appellant.

Thos. S. Lawson, Atty. Gen., for the State.

BROWN, Justice.

This appeal is from a final decree of the Circuit Court of Coffee County, sitting in equity, condemning as contraband "one 1936 model Tudor Ford, Motor No. 18-2493810, Tag No. 111-150," seized by the officers of the law for being used for the transportation of prohibited liquors in the town of Enterprise, and denying the claim of title asserted by the appellant under an alleged conditional sale contract entered into by and between intervener and Mrs. Bertha Mae Durden.

There is no denial in the petition for intervention or otherwise of the allegations of the bill, which make a prima facie case for condemnation, and the only evidence noted, as required by rule 75 of Chancery Practice, was the depositions of the witnesses Whigham and Sparks, ex-

amined as witnesses in behalf of the complainant. The rule is mandatory and testimony not noted can not be considered on appeal. Allison Lumber Co. v. Campbell, 225 Ala. 609, 144 So. 574; First Nat. Bank v. Williams, 206 Ala. 394, 90 So. 340; Harrod v. State, 225 Ala. 669, 145 So. 137.

■ The rule is applicable to testimony given ore tenus. Johnston v. Johnston, 229 Ala. 592, 158 So. 528.

■ Moreover, if the testimony and documentary evidence not noted could be considered, the question presented is purely of fact, and warranted the conclusion denying intervener's right to the property. Equitable Credit Co. v. State ex rel. Perry, 214 Ala. 77, 106 So. 399; Auburn Sales Co. v. State, 223 Ala. 184, 134 So. 867; Edwards et al. v. State, 213 Ala. 122, 104 So. 255.

It follows, therefore, that the decree of the Circuit Court is due to be affirmed.

It is so ordered by the Court.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.